## THE CITIZENS STREET RAILROAD COMPANY *v.* BATLEY.

[No. 19,852.    Filed October 30, 1902.]

STREET RAILROADS.—*Defective Trolley Wire.*—*Injury to Traveler.*—*Special Finding.*—In an action by a traveler in a street against a street railway company for injuries caused by a broken trolley wire, alleged to have been negligently kept in use after it had become crystallized and weak, a special finding that the wire had not been subjected to any more than ordinary usage of wires "at that place" is not equivalent to a finding that the wire in question was only subjected to ordinary usage. *pp. 369, 370.*

SAME.—*Defective Trolley Wire.*—*Negligence.*—In an action for an injury caused by a broken trolley wire, the jury might be able to find that the company was negligent in keeping in use a wire after it

Citizens St. R. Co. v. Batley.

had become crystallized and weak, although there was no evidence as to what caused the wire to break at the "particular time and place," and no evidence as to any method by which to ascertain in advance "when" or "where" such wire might break. *pp. 370, 371.*
STREET RAILROADS.—*Defective Trolley Wire.—Special Finding.*—In an action against a street railway company for injuries caused by a broken trolley wire, a finding of the jury that the wire broke "without warning," will be held to mean without warning to plaintiff. *p. 371.*

From Hancock Circuit Court; *C. G. Offut,* Judge.

Action by Josephine Batley against Citizens Street Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*F. Winter, W. H. Latta, Ephraim Marsh, W. W. Cook* and *S. O. Pickens,* for appellant.
*C. E. Barrett, E. A. Brown, Ralph Bamberger, Isidore Feibleman, A. V. Hodgin* and *J. E. Kepperley,* for appellee.

GILLETT, J.—The appellee received an injury by reason of a trolley wire of appellant falling upon her while she was using a street as a traveler. Her complaint charges, among other things, that through the negligence and carelessness of appellant said wire had become crystallized and weak, and that by reason thereof it broke, and in falling came in contact with her person. There was a verdict in favor of appellee, and in connection therewith the jury answered a number of interrogatories that had been submitted to them. Appellant moved for judgment upon these answers, but the court rendered judgment upon the general verdict. Appellant has assigned as error the action of the court below in overruling its said motion.

The general rules of law relative to such motions have been often stated by this court. Without reiteration, we cite the case of *McCoy* v. *Kokomo R., etc., Co.,* 158 Ind. 662, upon this subject.

It is our judgment that the answers to the interrogatories are not such as to overthrow the general verdict. One

difficulty about many of the interrogatories propounded is that they are of an abstract character, and do not ask for the particular facts of the case in hand. The date of appellant's injury was August 8, 1898. The wire in question was put in place in the latter part of the year 1897, or the first part of the year 1898. The fourteenth interrogatory reads as follows: "Does the evidence show that these wires were subjected to any more than the ordinary usage of wires at that place from the time they were so put in place to the time of plaintiff's accident?" This interrogatory was answered in the negative. This is not equivalent to a finding that the wire in question was only subjected to ordinary usage, for the ordinary usage of wires at that place may have been very great. There is room for the inference that the wire had become crystallized and weak from extensive or hard usage, and that by reason thereof appellant was put on notice of its condition.

The twenty-sixth interrogatory is in the following words: "What caused said wire to break at that particular time?" The next interrogatory reads thus: "What caused said wire to break at that particular place?" The jury found that there was no evidence upon which to base an answer to these interrogatories. It was not material as to what caused the wire to break at the particular moment when appellee was passing under it, and it was not material as to what caused the wire to break at the particular place that it did break. Without being able to affirm why the wire broke at the precise time that it did break, or why it broke at the particular place where it did break, the jury may nevertheless have been able to conclude from the evidence that the wire for some distance and for some considerable time had been crystallized and weak and liable to break, and this would be a sufficient basis for a finding of negligence. We do not think that the answers in question negative the fact that the evidence did not support the averments

of the complaint as to the substantive charge of negligence referred to.

The tenth interrogatory, to which the jury also returned an answer of "No evidence," is as follows: "What method, if any, has ever been discovered by which to ascertain in advance when or where a wire may or probably will break?" There may have been no evidence of a method by which to ascertain in advance when or where a wire will break, that by reason of crystallization is liable to break at any time and at any place. We think, therefore, that this answer does not overthrow the general verdict. There is a further finding that the wire broke as appellee was passing under it, without warning. This finding does not show whether the wire broke without warning to appellant or to appellee, but, from the connection in which the finding occurs, we think that it may be inferred that it broke without warning to appellee. A person who maintains a wire in the street, subjected to strain, and charged with electricity, after the wire has undergone usage for such a length of time that according to experience it has probably become crystallized, is not, in a strict sense, "warned" of the danger, but is, or rather should be, advised of it.

The interrogatories in question have been framed in rather an artful way, and with a seeming disposition, in some particulars, to avoid bringing out the real facts. There is in the complaint a direct charge of negligence in permitting a crystallized and weak wire to remain suspended as a trolley wire; but there is no question asked as to whether the wire was crystallized and weak, and the questions, however answered, were not calculated to show that the appellant was not charged with notice, actual or constructive, of such condition. The general verdict affirms these propositions against appellant, and the answers to interrogatories do not lead to the conclusion that the jury has contradicted itself.

There is no error in the record. Judgment affirmed.