165 AUGUSTA STREET, INC., WILLIAM JACQUES AND MARY SMOLA, PLAINTIFFS-RESPONDENTS, v. EDITH W. COLLINS, OTTO PLOETNER AND JACOB AUTH AND WILLIAM PALKA, FREDERIC B. KREMER, J. HOWARD SAMO AND JOHN McCARTHY, AS MEMBERS OF THE BOARD OF ADJUSTMENT OF THE TOWN OF IRVINGTON, DEFENDENTS-APPELLANTS.

Argued March 10, 1952—Decided April 7, 1952.

*Mr. Saul Tischler* argued the cause for the appellant, Otto Ploetner (*Mr. William Newman*, attorney).

*Mr. Matthew Krafte* argued the cause for the appellants, Jacob Auth and William Palka, Frederic B. Kremer, J. Howard Samo and John McCarthy, as members of the Board of Adjustment of the Town of Irvington.

*Mr. Aaron Van Poznak* argued the cause for the respondents (*Messrs. Sandles & Sandles*, attorneys).

The opinion of the court was delivered by

BURLING, J. This is a zoning case and is an appeal from a judgment of the Superior Court, Law Division, setting aside a variance granted by the defendant board of adjustment to the defendant Otto Ploetner to permit construction of a gasoline service station on premises owned by the defendant Edith W. Collins (hereinafter called the owner) in

the Town of Irvington. The appeal was addressed to the Appellate Division of the Superior Court, but prior to hearing there certification was granted upon our own motion.

Ploetner, holder of a contract to purchase vacant land designated and known as 681-691 Lyons Avenue, in the Town of Irvington, Essex County, New Jersey, from the title owner and thus himself an equitable owner of said vacant land, presented plans and specifications to the Building Superintendent of the Town of Irvington in order to obtain a building permit for the construction of an automobile service station. This application for a building permit was denied, the only reason for the denial appearing in the record to be the restriction (against use of the land for business purposes) of the local zoning ordinance. Ploetner thereafter applied to the defendant board of adjustment (hereinafter called the board) for a variance. Hearings upon his application were conducted by the board, beginning on October 4, 1949, and continuing from time to time to August 15, 1950, on which date the board granted the variance sought. The plaintiffs, one an owner of the apartment property abutting the subject property on Augusta Street, and the other two being owners of properties located on the opposite side of Lyons Avenue, and who were among the objectors to the application for the variance in the proceedings before the board, filed a complaint in the Superior Court, Law Division, seeking to have the resolution of the board, by which the variance was granted, reversed. The owner of the legal title was named as a party, but was not served with plaintiffs' complaint in the Superior Court, Law Division, and has not otherwise appeared. Several issues were framed in the pretrial order and were determined by the trial court, but these need not be recited in detail in view of the nature of this appeal. The Superior Court, Law Division, on July 5, 1951, entered judgment for the plaintiffs, setting aside the board's resolution of August 15, 1950. The defendants, Ploetner and members of the board, appealed that judgment to the Superior Court, Appellate Division, but prior to

hearing there certification was granted on our own motion, as above stated.

The substance of the appeal from the statement of questions involved appears to be the sole question whether the trial court properly applied the pertinent statutes and principles of law relating to zoning matters to the factual situation exhibited by the record in this case. We find that the trial court erred therein.

The board, in this case, acted pursuant to the authority vested in it by *R. S.* 40:55–39c as amended by *L.* 1948, *c.* 305 and by *L.* 1949, *c.* 242. This statutory provision authorizes a board of adjustment under stated circumstances to grant a variance without the necessity of recommendation thereof to the municipal governing body. This provision has been considered by this court several times and as amended in 1948 and 1949 has been construed by this court. It is now settled that under subparagraph (*c*) of *R. S.* 40:55–39, as amended, in order to support the grant of a variance there must be a finding of unnecessary hardship to the individual landowner. *V. F. Zahodiakin, etc., Corp. v. Bd. of Adjustment, Summit,* 8 *N. J.* 386 (1952); *Home Builders Ass'n. of Northern N. J. v. Paramus,* 7 *N. J.* 335, 341–342 (1951); *Lumund v. Bd. of Adjustment of Borough of Rutherford,* 4 *N. J.* 577, 580 (1950); *Cf. Protomastro v. Bd. of Adjustment of City of Hoboken,* 3 *N. J.* 494, 500, 501 (1950). Compare *Monmouth Lumber Company v. Township of Ocean,* 9 *N. J.* 64 (1952). It is suggested in the arguments advanced on this appeal that the amended statute provides two criteria for grant of variance by a zoning board of adjustment, namely, "undue hardship" and "peculiar and exceptional practical difficulties." We perceive no practical difference between the two quoted clauses as used in this portion of *R. S.* 40:55–39 as amended. The former is necessarily inclusive of the latter, for where peculiar and exceptional practical difficulties exist undue hardship also exists. The remainder of the language of amended subparagraph (*c*) of *R. S.* 40:55–39 constitutes a legislative declaration of

elements of proof of a restrictive nature, a limitation upon the authority of the board of adjustment to grant a variance on the ground of unnecessary hardship. These factors are expressed in two categories: exceptional narrowness, shallowness or shape of a specific property at the time of the enactment of the regulation, or other extraordinary and exceptional situation or condition of such piece of property.

The evidence adduced in this case shows unnecessary hardship by virtue of the extraordinary and exceptional situation or condition of the property in question. The record shows that Lyons Avenue is devoted to business and industry on both sides of the thoroughfare, for several blocks in both directions, with the exception of the lot in question (which is zoned partly for business and partly for "B" residential use), Irvington Park, and a portion of the opposite two blocks (facing defendant's lot and Irvington Park) which are zoned "D" residential. Immediately to the rear of defendant's lot is a 40-family apartment house (fronting on Augusta Street). The defendants' proof disclosed that the property in question is vacant land, not usable or saleable for residential use. Although the plaintiffs, in opposition, introduced proofs tending to show that a gasoline service station could be erected on the portion of the property zoned for business and that the portion in the "B" zone could be used for the erection of a multiple-family residence, there was so raised only a conflict of testimony on these factors. And although plaintiffs offered testimony that the area is among the good residential areas remaining in the municipality, the defendant introduced evidence that the general neighborhood has changed and is used predominantly for business purposes; that the property is split by the zone boundary, approximately one-half thereof being situate in a "B" residence zone and the remainder in a business zone; that the neighboring areas abutting Lyons Avenue are commercial in character. Various residents objected at the hearings before the board that a gasoline service station was unnecessary and that in their opinion it might be dangerous

for persons availing themselves of the use of Irvington Park, which lies across Augusta Street from the site, and to children proceeding to and from nearby schools. The weight of this testimony is problematical for it appears that other gasoline service stations exist in the immediate area.

It.is settled that in the allowance or denial of a variance the board or body having jurisdiction thereof acts with discretion, and its action may not be set aside by the courts unless there has been an abuse of that delegated legal discretion. *Monmouth Lumber Co. v. Township of Ocean, supra; Home Builders Ass'n. of Northern N. J. v. Paramus Boro., supra* (at *p.* 343). We find upon examination of the entire evidence in this case that the board of adjustment did not act in an arbitrary, capricious or unreasonable manner in granting the variance in question and therefore its action must be sustained.

In view of the foregoing conclusions we find it unnecessary to consider the remaining points interposed by the defendants.

For the reasons stated, the judgment of the Superior Court, Law Division, is reversed and the resolution of the Board of Adjustment of the Town of Irvington is reinstated and affirmed.

HEHER, J., dissenting. There is no contention here that the regulation itself is unreasonable and arbitrary. The validity of the local legislative classification is not challenged. The board of adjustment, in the purported exercise of the power conferred by *R. S.* 40:55–39*c,* as amended in 1948 and 1949 (*L.* 1948, *c.* 305, *p.* 1223; *L.* 1949, *c.* 242, *p.* 779), found that the claimed variance "is necessary by reason of the peculiar and exceptional practical difficulties to (*sic*) an exceptional and undue hardship upon the owner, and that the granting of this variance is without substantial detriment to the public good and will not substantially impair the intent and purpose of the zone plan and zoning ordinance." This is a bare conclusion without any supporting specific factual finding; and I deem it to be utterly without basis

in the proofs, assessed in the light of the statutory considerations controlling the allowance of variances from the terms of the regulation.

It is fundamental in the statute that the return to the proceedings exhibit, in the words of Cardoza, C. J., "the hardship and its occasion * * * fully and at large." *People, ex rel. Fordham Manor Reformed Church v. Walsh,* 244 N. Y. 280, 155 N. E. 575 (Ct. Apps. 1927). Such authority "is designed to be sparingly exercised. It is only in rare instances and under exceptional circumstances that relaxation of the general restrictions established by the statute ought to be permitted. The power granted is only for the relief of specific instances, peculiar in their nature." *Norcross v. Board of Appeals,* 255 Mass. 177, 150 N. E. 887 (Sup. Jud. Ct. 1926). To the same effect: *De Felice v. Zoning Board of Appeals of Town of East Haven,* 130 Conn. 156, 32 A. 2d 635, 147 A. L. R. 161 (Sup. Ct. Err. 1943). This is necessarily so, for unless the general rule be thus modified in the particular case only for the accommodation of fundamental common and individual rights in the service of the statutory policy, there will inevitably ensue the odious special privileges which will sound the death knell of zoning. *Brandon v. Montclair,* 124 N. J. L. 135 (Sup. Ct. 1940), affirmed 125 N. J. L. 367 (E. & A. 1940). The exceptional difficulty and hardship must inhere in the particular parcel for which the variance is claimed. Unless the subject property be uniquely circumstanced, in contradistinction to the general conditions in the area signifying what in substance is an arbitrary use of the zoning power, a variance would constitute an excess of jurisdiction. *Arverne Bay Construction Co. v. Thatcher,* 278 N. Y. 222, 15 N. E. 2d 587, 117 A. L. R. 1110 (Ct. Apps. 1938); *Real Properties v. Board of Appeal of Boston,* 319 Mass. 180, 65 N. E. 2d 199, 168 A. L. R. 8 (Sup. Jud. Ct. 1946). The board of adjustment is a discretionary governmental administrative agency that in this regard exercises a function *quasi*-judicial in essence, con-

tained by a certain and definite standard and rule of action for the execution of the statutory policy.

The essence of zoning is territorial division according to the character of the lands and structures and their peculiar suitability for particular uses, and uniformity of use within the division. *Collins v. Board of Adjustment of Margate City*, 3 *N. J.* 200 (1949); *Potts v. Board of Adjustment of Princeton*, 133 *N. J. L.* 230 (*Sup. Ct.* 1945). The constitutional power is couched in such terms. *Constitution of* 1947, *article IV, section VI, paragraph* 2. And the legislative grant of authority has the same delineation. *R. S.* 40:55–30, as amended by *L.* 1948, *c.* 305, *p.* 1221. The governing body is empowered to divide the municipality into districts of such number, shape and area as may be deemed best suited to carry out the statutory policy, and to regulate and restrict the construction and use of buildings or other structures and lands within such districts, provided that "All such regulations shall be uniform for each class or kind of buildings or other structures or uses of land throughout each district, but the regulations in one district may differ from those in other districts." *R. S.* 40:55–31, as amended by *L.* 1948, *c.* 305, *p.* 1221. And such regulations shall be in accordance with a "comprehensive plan and designed" to serve the public welfare in one or more of the enumerated particulars, and "shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view of conserving the value of property and encouraging the most appropriate use of land throughout such municipality." *R. S.* 40:55–32. The amendment of the regulations is a legislative function reserved to the local lawmaking body. *R. S.* 40:55–35, as amended by *L.* 1948, *c.* 305, *p.* 1222. Indeed, this principle may well have a constitutional basis, for arbitrary discrimination in the purported exercise of the power would seem to violate the substance of due process and to constitute a denial of the equal protection of the laws. *Brandon v. Montclair*, cited *supra*. But there is no occasion to pursue the inquiry here.

The subject plot is situate at the corner of Augusta Street and Lyons Avenue in Irvington. It has a frontage of 100 feet on Augusta Street and 149.32 feet on Lyons Avenue, and is known as 681-691 Lyons Avenue. The land is bisected by the line dividing a "B" Residence zone from an "E" Business zone, running. at a right angle from Lyons Avenue. The block bounded on the south by Lyons Avenue, on the west by Ball Street, on the north by Stratford Place, and on the east by Augusta Street is situate in the "B" Residence zone, with the exception of a plot fronting approximately 150 feet on Lyons Avenue zoned for business to a depth of about 100 feet. The particular plot is in the "B" Residence zone for a distance of 70 feet from the corner of Augusta Street and Lyons Avenue; the remainder, fronting about 79 feet on Lyons Avenue, is in the business zone. The area of the land situate in the business zone is 7,900 square feet, much more than sufficient to accommodate the proposed service station. The evidence shows that the service station would comprise about 1,500 square feet. The portion of the land located in the residence zone is adjacent to one of the finest residential areas in Irvington. Irvington Park is situate directly across Augusta Street. There is a 40-family apartment house immediately to the north. The opposite side of Lyons Avenue extending easterly for about 1,200 feet is located in a "D" Residence zone. There can be no doubt that by reason of the proximity of the park, Augusta Street is peculiarly suitable for residence uses; indeed, that is its highest and best use. The landowner adduced evidence that residence use is not feasible because of high cost of the land. The remainder of the plot located in the business zone is ample for the proposed service station; but obviously the corner lot is more desirable and therefore more profitable for that use. This offers no ground for a variance to avoid an arbitrary and capricious interference with the basic right of private property. *Protomastro v. Board of Adjustment of City of Hoboken*, 3 *N. J.* 494 (1950). There is no showing of the peculiar and exceptional practical difficulties or the

exceptional and undue hardship which under *section* 39(*c*), cited *supra*, would entitle the landowner to a variance constituting the first invasion of business in this exclusively residential section of Augusta Street. We have here a variant use that will alter the essential character of the area and tend to subvert the regulation itself—an unequal application of the zone rule in violation of common and individual right. The board has usurped the legislative function. It would seem to be fundamental that a variance under the cited section, by its very nature, is permissible only for the most compelling reasons consistent with the spirit and policy of the statute and the local ordinance made pursuant to the zoning power thereby granted: only thus can the line of demarcation between the legislative and administrative functions be maintained and the integrity of zoning secured. I concur in the conclusions of Judge Colie, who had the benefit also of a personal view of the *locus*.

I would affirm the judgment.

*For reversal*—Chief Justice VANDERBILT, and Justices OLIPHANT. WACHENFELD and BURLING—4.

*For affirmance*—Justice HEHER—1.