SNYDER, Appellant, v. WAUKESHA COUNTY ZONING BOARD OF ADJUSTMENT, Respondent.

*No. 75-185. Argued November 1, 1976.—*
*Decided November 30, 1976.*
(Also reported in 247 N. W. 2d 98.)

470

For the appellant there was a brief by *Herro, Snyder, Chapman & Snyder,* and oral argument by *Patrick L. Snyder,* all of Oconomowoc.

For the respondent there was a brief by *Willis J. Zick, Waukesha County Corporation Counsel* and oral argument by *August Fabyan* of Waukesha.

A brief amicus curiae on behalf of Alfred V. Jurevics was filed by *Love, Brown, Love & Phillips* of Waukesha.

HANLEY, J. The sole issue presented on these appeals is whether the board of adjustment properly exercised its administrative discretion in denying appellant's applications for variance.

Appellant seeks a variance from the ordinance enacted pursuant to sec. 59.971, Stats. Under sec. 59.99 (7) (c), Stats., the county board of adjustment is empowered

"[t]o authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in *unnecessary hardship,* and so that

the spirit of the ordinance shall be observed and substantial justice done." (emphasis added).

Sec. 17.03 (1) (c), WCSFP Ord., provides:

"The Board of Adjustment shall have the following powers as defined by statute:

" . . .

"(c) To authorize upon appeal in specific cases such variance from the terms of this Ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of this Ordinance will result in *practical difficulty or unnecessary hardship*, so that the spirit of this Ordinance shall be observed, public safety and welfare secured, and substantial justice done." (emphasis added).

Thus, although the element of practical difficulty is not included under the statute, it does appear in the ordinance.

Appellant relies upon the factor of practical difficulty and makes citation to the Waukesha County Zoning Ordinance and sec. 62.23 (7) (e) 7, Stats., enactments which include practical difficulty as a ground for variance from the zoning ordinance. However, the Waukesha County Zoning Ordinance, enacted pursuant to sec. 59.97, Stats., is inapplicable here for this case relates to the Waukesha County Shoreland and Floodland Protection Ordinance. Sec. 62.23 (7) (e) 7, Stats., is also inapplicable because that section relates to the powers of the boards of appeals for cities.

Thus, because sec. 59.99 (7) (c), Stats., does not include the element of practical difficulty while the ordinance does, a question arises as to the relevance of appellant's arguments relating to claimed practical difficulty. However, although the terms "unnecessary hardship" and "practical difficulty" are insusceptible to precise definition and are often stated disjunctively in zoning enactments, the authorities generally recognize that there is no practical difference between them. Rathkopf states:

"The overlapping of the concepts of practical difficulty and undue hardship in so many factual situations and the lack of real reason for treating the two situations differently, has caused courts to treat the two terms as if they were synonymous. . . ." 2 Rathkopf, *The Law of Zoning and Planning* 45–20 (3d ed. 1972).

*See also* 5 Williams, *American Planning Law*, sec. 145.06, at 122 (1975) ; *Brown v. Beuc*, 384 S.W.2d 845, 852 (Mo. App. 1964) ; *165 Augusta Street v. Collins*, 9 N.J. 259, 263, 87 A.2d 889, 891 (1952).

The problems involving the definition of these terms arise particularly from the fact that the conditions upon which a landowner typically bases a claim for a use variance are more easily spoken of as imposing an unnecessary hardship, while the conditions prompting application for an area variance are more easily termed practical difficulties. Therefore, the fact that area variances are considerably easier to obtain than use variances creates the impression that a minimal showing of difficulty will establish the element of practical difficulty and entitle the landowner to a variance. However, area variances are not more easily obtained because practical difficulties are something much less severe than unnecessary hardship, but because area variances do not involve great changes in the character of neighborhoods as do use variances. This relates to what hardships or practical difficulties may be considered unnecessary or unreasonable in light of the purpose of the zoning law.

The danger of discerning a significant difference between the terms unnecessary hardship and practical difficulties is that while the hardship required for a variance is qualified by the word "unnecessary," the difficulties only need be "practical." The term practical difficulties encompasses virtually any problem, and thus

grounds for a variance could be established by only a minimal showing.

Therefore, we think that there should be no significant practical distinction drawn between the terms unnecessary hardship and practical difficulties, and where it appears, the phrase "practical difficulty or unnecessary hardship" should be construed as a whole, for where peculiar and exceptional practical difficulties, which justify a variance, exist, unnecessary hardship will also exist. *165 Augusta Street, supra* at 263, 87 A.2d at 891.

This conclusion permits the court to consider appellant's claims of practical difficulty despite the fact that sec. 59.99(7)(c), Stats., empowering the board of adjustment to authorize variances, refers only to unnecessary hardship.

In *State ex rel. Markdale Corp. v. Board of Appeals,* 27 Wis.2d 154, 133 N.W.2d 795 (1965), the court considered, in relation to an appeal for a use variance, the definition of unnecessary hardship. The court first took note of the New York rule that to justify a finding of unnecessary hardship, it must appear that the property cannot yield a reasonable return when used for the permitted purposes. *Id.* at 162, n. 2, 133 N.W.2d at 799, n. 2; *See Otto v. Steinhilber,* 282 N.Y. 71, 24 N.E.2d 851 (1939). The court then stated:

"A note entitled 'Zoning Variances,' 74 Harvard Law Review (1961), 1396, 1401, suggest the following definition of 'unnecessary hardship' as used in zoning statutes and ordinances with respect to the power of appeals boards to grant variances:

" 'Since the main purpose of allowing variances is to prevent land from being rendered useless, "unnecessary hardship" can best be defined as a situation where in the absence of a variance no feasible use can be made of the land.' " 27 Wis.2d at 163, 133 N.W.2d at 799.

When considering an area variance, the question of whether unnecessary hardship or practical difficulty

exists is best explained as "[w]hether compliance with the strict letter of the restrictions governing area, set backs, frontage, height, bulk or density would unreasonably prevent the owner from using the property for a permitted purpose or would render conformity with such restrictions unnecessarily burdensome." 2 Rathkopf, *The Law of Zoning and Planning* 45–28 (3d ed. 1972).

Appellant claims that strict enforcement of the ordinance will result in unnecessary hardship or practical difficulty for the reasons that (1) the porch, as already substantially completed, would have to be removed; (2) the lot is substandard in size; (3) the porch could not be attached to other sides of the home; (4) appellant needs the porch to enjoy lake living for his family including six children; and (5) the porch would add to the value of the house.

The board of adjustment concluded that no hardship existed which was not self-created and that a variance would increase the nonconformity of an already nonconforming structure.

This case is before the court on certiorari, and thus, review is limited to: (1) whether the board kept within its jurisdiction; (2) whether it proceeded on correct theory of law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question. *State ex rel. De Luca v. Common Council*, 72 Wis.2d 672, 676, 242 N.W.2d 689, 692 (1976); *Westgate Hotel, Inc. v. Krumbiegel*, 39 Wis.2d 108, 115, 158 N.W.2d 362, 365 (1968).

▮ In *State ex rel. Schleck v. Zoning Board of Appeals*, 254 Wis. 42, 52, 35 N.W.2d 312, 316–17 (1948) this court stated:

"Whether a variance shall be authorized in a particular case is to be determined by the board in the exercise of its

discretion. When it acts within the powers conferred upon it and its action is not arbitrary or capricious there is no violation of the property owner's constitutional rights."

The decision of the board will be arbitrary or capricious if it is unreasonable or without a rational basis. *Weaver v. Wisconsin Personnel Board,* 71 Wis.2d 46, 54, 237 N.W.2d 183, 186 (1976).

In reviewing the decisions of the adjustment board in this case it must be kept in mind that the court is hesitant to interfere with administrative determinations, *Transport Oil Inc. v. Cummings,* 54 Wis.2d 256, 265, 195 N.W.2d 649, 654 (1972), and accords the decision of the board of adjustment a presumption of correctness and validity. Cutler, *Zoning Law and Practice in Wisconsin,* sec. 15, at 63 (1967); 2 Rathkopf, *The Law of Zoning and Planning,* 65–27 (3d ed. 1972); 8A McQuillin, *Municipal Corporations,* sec. 25.237, at 424–25 (3d ed. 1965).

Thus, the findings of the board may not be disturbed if any reasonable view of the evidence sustains them. *State ex rel. Morehouse v. Hunt,* 235 Wis. 358, 367, 291 N.W. 745, 749 (1940). The court may not substitute its discretion for that committed to the board by the legislature.

Any hardship or practical difficulty claimed by appellant relating to the removal of the substantially completed porch is self-created, and as such cannot qualify as a basis for a grant of a variance. *State ex rel. Markdale Corp. v. Board of Appeals, supra.*

Appellant argues that the hardship caused by the existence of the porch is not self-created because he relied upon assurances of the building inspector. To allow this contention would constitute estoppel of the municipality from enforcing its zoning ordinance. The rule of law in this state is clear that no such estoppel may

arise against a municipality for the unauthorized acts of its officers. *Town of Richmond v. Murdock*, 70 Wis.2d 642, 653–54, 235 N.W.2d 497, 503 (1975) ; *Milwaukee v. Leavitt*, 31 Wis.2d 72, 76, 142 N.W.2d 169, 171–72 (1966). Even if the inspector issued a building permit, such a permit would have been void as issued for a structure which is forbidden by the ordinance. 2 Rathkopf, *The Law of Zoning and Planning* 56–1 (3d ed. 1972). A building permit cannot confer the right to violate the ordinance. *Jelinski v. Eggers*, 34 Wis.2d 85, 93, 148 N.W.2d 750, 755 (1967). Thus, the mere statements or assurances of the building inspector cannot confer such a right. The appellant is charged with knowledge of the zoning ordinance, *State ex rel. Markdale Corp. v. Board of Appeals, supra* at 162, 133 N.W.2d at 798, and thus may not successfully contend that the existence of the porch, constructed without first obtaining a variance, is not a self-created hardship.

The appellant's claim that he suffers hardship or practical difficulty because his lot is substandard in size ignores the proportionate method of reduction of the offset requirement for substandard lots provided for by the ordinance. Although substandard size is often spoken of as grounds for a variance, 2 Rathkopf, *The Law of Zoning and Planning*, 45–19 (3d ed. 1972), appellant's lot is not substandard in relation to the restriction placed upon it. The ordinance makes a special compromise of its restriction to take into account the size of appellant's lot. Thus, the offset requirement placed upon appellant's lot is not unique or peculiar to his property, for it applies equally to all lots of similar size. Because the restriction does not especially affect appellant's lot, it may not constitute hardship or difficulties which justify a variance. Anderson, *American Law of Zoning*, sec. 14.55, at 32 (1968) ; 8 McQuillin, *Municipal Corporations*, sec. 25.167, at 543–45 (3d ed. 1965).

Appellant argues that he suffers practical difficulty for the reason that the porch cannot be attached to any other side of the house. The record shows that the porch could not be built on the north side of the home because it would violate the zoning ordinance as it does now. Appellant stated it could not be built on the west side of the house toward the lakeshore because there wasn't enough room, due to a large tree and setback requirements. Appellant's counsel stated the porch could not be built on the east side or inland side of the house because the septic tank was located there, but the appellant stated the septic tank was on the left (south) side of the home and located under the new addition. The builder, when questioned as to why he designed the porch for the present location, stated, "Because it seemed to work out better for their family use and not to obstruct the view of the lake." On the whole the record indicates that the reason the porch is so located is because the location is the most logical.

Therefore, it is not an unreasonable conclusion that the relative feasibilities of the alternative locations for the porch are not due primarily to a peculiar or unique circumstance of appellant's lot, but to the convenience of the particular location. While it may be true, as asserted, that if the porch may not be located where it is, then it is not feasible to have a porch at all on this property, the question would then become whether it is unnecessary hardship or practical difficulty that appellant needs a porch.

Appellant claims he needs this porch to enjoy lake living, to accommodate his expanded family, and to increase the value of his land. Outside of New York, where a minimal showing of practical difficulties will justify an area variance, the authorities indicate that a showing of natural growth of a family and personal inconvenience do not constitute practical difficulties or unnecessary hardship which justify a variance.

Practical difficulties or unnecessary hardship do not include conditions personal to the owner of the land, but rather to the conditions especially affecting the lot in question. "[I]t is not the uniqueness of the plight of the owner, but uniqueness of the land causing the plight, which is the criterion." 8 McQuillin, *Municipal Corporations,* sec. 25.167, at 544 (3d ed. 1965) ; *See Karasik v. City of Highland,* 130 Ill. App.2d 566, 572–73, 264 N.E. 2d 215, 219 (1970).

Side-yard offset restrictions, such as in this case, are intended to provide unoccupied space for several purposes, including to afford room for lawn and trees, to promote rest and recreation, to enhance the appearance of the neighborhood, and to provide access to light and air. These are legitimate and reasonable purposes.

As to the policy of the law in this state, the case of *Jelinski v. Eggers, supra,* is persuasive. In that case Eggers, after an oral assurance from the chairman of the local zoning board of appeals, constructed a garage on his lakeshore lot which encroached upon the five-foot side-yard requirement by three feet. The board of appeals subsequently denied Eggers' petition for a variance to allow the encroachment. Jelinski, Eggers' neighbor, commenced an action under sec. 62.23 (8), Stats., for a mandatory injunction ordering the removal of the garage. This court, although not directly considering the merits of the denial of the variance, upheld that denial by affirming the trial court's decision ordering the garage be removed.

We conclude the evidence establishes that the appellant's claimed practical difficulty or hardship relied upon for granting the variance is either self-created or no more than personal inconvenience. Therefore, the board's decision to refuse a variance was not unreasonable or without a rational basis.

*By the Court.*—Judgments affirmed.