Jerome H. BLOCK and Carol M. Block,
Plaintiffs-Respondents,†

v.

WAUPACA COUNTY BOARD OF ZONING ADJUSTMENT,
Defendant-Appellant.

Court of Appeals

*No. 2006AP3067. Submitted on briefs May 7, 2007.
—Decided July 26, 2007.*

**2007 WI App 199**

(Also reported in 738 N.W.2d 132.)

† Petition to review denied 11/5/07.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Tony A. Kordus* and *Joseph W. LaFramboise* of *Liebmann, Conway, Olejniczak & Jerry*, S.C., Green Bay.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Harvey G. Samson* of *Block, Seymour, Chudacoff, Samson & Liebzeit*, S.C., Appleton.

Before Lundsten, P.J., Dykman and Higginbotham, JJ.

¶ 1. DYKMAN, J. The Waupaca County Board of Zoning Adjustment appeals from a circuit court order reversing its decision to deny Jerome and Carol Block an area variance to retain their lake-side deck. The board argues that its decision to deny the Blocks an area variance must be upheld because it followed the correct legal standard and the record supports its

decision. It also argues that the circuit court erred in substituting its own discretion in place of the board's. We agree. We conclude that the board's decision to deny the Blocks an area variance must be affirmed on certiorari review, and we therefore reverse.

## Background

¶ 2. Jerome and Carol Block own property in Waupaca County, Wisconsin. Their house has a deck facing the lake that is nonconforming to WAUPACA COUNTY, WIS., SHORELAND ZONING ORDINANCE ch. 32, § 8.32 (1997), which requires a fifty-foot setback from the ordinary high water mark. In 2003, the board denied the Blocks' petition for a variance to build an addition onto their property. However, the Blocks obtained a building permit to add a second story to their house upon entering into a mitigation plan as required by § 8.32(4).[1] In the mitigation plan, the Blocks agreed to remove their nonconforming deck when they began constructing their second story. However, the addition

---

[1] WAUPACA COUNTY, WIS., SHORELAND ZONING ORDINANCE ch. 32, § 8.32(4) (1997) provides:

*Mitigation*

A plan to mitigate for the adverse effects of any shoreline setback nonconformity shall be implemented concurrent with external improvement or expansion of such structures. The plan shall be approved by the Zoning Administrator prior to issuance of a zoning permit and shall include a compliance schedule.

. . . .

... [A] property owner shall *choose at least four points* from among the following mitigation practices: The property owner can use current equal practices to obtain the necessary 4 points.

. . . .

5. Remove nonconforming accessory buildings from the shoreline setback area . . . .

328

to the house was started and completed without the Blocks removing their deck.[2]

¶ 3. In May 2004, the Blocks filed another petition for a variance with the board, seeking to retain their lake-facing deck. After a hearing, the board denied the Blocks' petition. The Blocks then sought certiorari review under WIS. STAT. § 59.694(10) (2005–06).[3] The circuit court found that the board had failed to apply the correct legal standard, and that the record did not support its decision. It reversed the board's decision and granted the Blocks a variance.[4] The board appeals.

*Standard of review*

■

¶ 4. On statutory certiorari review, when no new evidence is taken by the court,[5] we review only whether: (1) the board acted within its jurisdiction; (2) the board proceeded on a correct theory of law;

---

[2] There was some dispute in the hearing testimony over whether the zoning deputy orally allowed the Blocks to retain their deck during construction. Nonetheless, it was undisputed that once the construction was completed, the deck could not remain.

[3] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

[4] Because we reverse the circuit court's decision and affirm the decision of the board, we need not provide directions for the circuit court to remand to the board rather than grant the variance itself. *See, e.g., Lamar Cent. Outdoor, Inc. v. Board of Zoning Appeals*, 2005 WI 117, ¶ 24, 284 Wis. 2d 1, 700 N.W.2d 87.

[5] The circuit court stated that it viewed the Blocks' property. The board also viewed the property before reaching its decision. Because the board and the court had the same evidence before them, we use the common law statutory certio-

(3) its action was arbitrary, oppressive, or unreasonable, representing its will rather than its judgment; and (4) the board might reasonably make the decision it did on the evidence before it. *State ex rel. Ziervogel v. Washington County Bd. of Adjustment*, 2004 WI 23, ¶ 14, 269 Wis. 2d 549, 676 N.W.2d 401. "A court on certiorari review must accord a presumption of correctness and validity to a board of adjustment's decision," and "may not substitute its discretion for that of the board." *Id.*, ¶ 13.

## *Discussion*

¶ 5. A board of adjustment may grant an area variance from a zoning ordinance if the variance "will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." WIS. STAT. § 59.694(7)(c). In *State v. Waushara County Board of Adjustment*, 2004 WI 56, 271 Wis. 2d 547, 679 N.W.2d 514, and *Ziervogel*, 269 Wis. 2d 549, the supreme court clarified the standard for whether a variance request demonstrates an "unnecessary hardship." In those two cases, the court reaffirmed the unnecessary hardship test set forth in *Snyder v. Waukesha County Zoning Board of Adjustment*, 74 Wis. 2d 468, 474–75, 247 N.W.2d 98 (1976), as "whether compliance with the strict letter of the restrictions governing area, set backs, frontage, height, bulk or density would unreasonably prevent the owner from using the property for a permitted purpose or would render conformity with

rari standard of review to review the board's determinations. *See Klinger v. Oneida County*, 149 Wis. 2d 838, 845, 440 N.W.2d 348 (1989).

such restrictions unnecessarily burdensome." *See Waushara County*, 271 Wis. 2d 547, ¶¶ 30, 35; *Ziervogel*, 269 Wis. 2d 549, ¶ 7. Thus, the court held that the "no reasonable use" test set forth in *State v. Kenosha County Board of Adjustment*, 218 Wis. 2d 396, 577 N.W.2d 813 (1998), was no longer applicable in determining whether to grant an area variance. *Waushara County*, 271 Wis. 2d 547, ¶ 32. The court retained "[t]he established requirements that the hardship be unique to the property and not self-created." *Ziervogel*, 269 Wis. 2d 549, ¶ 33.

¶ 6. In its certiorari review of the board's decision, the circuit court concluded that the board erred in denying the Blocks a variance because the record did not reflect that the board applied the correct legal standard for area variances as articulated in *Waushara County* and *Ziervogel*, instead applying the former "no reasonable use" test under *Kenosha County*. The court also said that the board had failed to exercise its discretion, that its decision was arbitrary, oppressive, or unreasonable and represented its will rather than its judgment, and was not supported by the record. The court stated that the board inappropriately relied on the Blocks' failure to remove their deck in accord with the mitigation plan, rather than viewing the mitigation plan as one factor in the *Waushara County* and *Ziervogel* analysis.

¶ 7. We review the board's decision, not that of the circuit court. *Roberts v. Manitowoc County Bd. of Adjustment*, 2006 WI App 169, ¶ 10, 295 Wis. 2d 522, 721 N.W.2d 499. Our review of the board's decision is deferential, and we will not disturb the board's findings if they are supported by any reasonable view of the

evidence. *Lamar Cent. Outdoor, Inc. v. Board of Zoning Appeals*, 2005 WI 117, ¶ 25, 284 Wis. 2d 1, 700 N.W.2d 87. In *Waushara County*, 271 Wis. 2d 547, ¶ 24, the court identified "four major principles that should inform courts' decisions when reviewing variance cases." They are:

> (1) [A] presumption exists that the board's decision is correct; (2) in deciding whether to grant a variance, there should be a focus on the purpose of the ordinance or statute being analyzed; (3) the facts of the particular case should be analyzed in light of the purpose of the ordinance or statute; and (4) boards of adjustment must be afforded some flexibility so that they may appropriately exercise their discretion.

*Id.* "For certiorari review to be meaningful, however, a board must give the reviewing court something to review." *Lamar*, 284 Wis. 2d 1, ¶ 26. Thus, "[t]he decision of the board must contain reasons for the action taken. It is not sufficient for the board to give its reasons in the words of the statute." *Id.*, ¶ 28 (citation and emphasis omitted). If a board's written decision is insufficient, we turn to the transcript of the board's proceedings to determine if it has adequately expressed its reasoning. *Id.*, ¶¶ 31, 34–35.

¶ 8. We agree that the board's written decision contains only conclusory statements that the Blocks had not met the test for unnecessary hardship. We turn, then, to the transcript of the board's proceedings to determine if it reflects the board's reasoning.

¶ 9. At the hearing, the board heard testimony that the only reason the Blocks were allowed to build a second story on their home was because they agreed to remove their non-conforming deck, thus bringing their

structure back the required fifty feet from the water.[6] During the board's deliberations, board member Craig noted the change in the law from "no reasonable use" to "unnecessarily burdensome." He then noted that the board still needed to address the uniqueness of the property and the spirit of the ordinance. He stated that he did not view the property as unique because it was like all other lake properties with steep slopes that have structures too close to the water. He went on to say that under *Snyder*, it is the uniqueness of the land, not of the owner, that must be taken into account. Craig noted that the reason the Blocks were required to remove the deck was that they entered into the mitigation agreement in order to build their second story. He noted that the Blocks still had use of a deck because they had a side deck. Finally, Craig noted that the purpose of the zoning ordinance was to try to have structures eventually conform to the shoreland setback requirement, and in this case that goal was furthered by allowing the Blocks to build a second story on the condition that they remove their non-conforming deck.

¶ 10. Chairman Loughrin then stated that he saw the bottom line of the case law as focusing on the intent of the ordinance at issue. Here, Loughrin noted, the intent of the ordinance was to maintain a distance between structures and the lake. He noted that that was why the mitigation was required when property owners sought permits for remodeling non-conforming structures. He noted finally that the fact that the house was worth a particular amount did not mean that the Blocks

[6] In this discussion, the testifying zoning representative deemed the Blocks' actions as finding a "loophole." We agree with the circuit court that that is an odd categorization. However, it does not render the overall discussion irrelevant.

were entitled to retain the deck, as they had argued during the hearing. The board voted unanimously to deny the variance.

■

¶ 11. We conclude that the transcript of the board's proceedings reflects that it applied the correct legal standard.[7] As recognized by the board, "[t]he board of adjustment is to evaluate the hardship in light of the purpose of the zoning restriction at issue." *Ziervogel*, 269 Wis. 2d 549, ¶ 20. Here, the Blocks seek a variance from a shoreland zoning ordinance, which is geared toward "protecting the public's interest in navigable waters, including promoting safe and healthful water conditions, controlling pollution, and protecting fish and aquatic life and natural beauty." *Id.*, ¶ 22. The board stated that the purpose of its shoreland zoning ordinance was to maintain a fifty-foot setback between structures and the lake, and that the purpose of the mitigation agreements for remodeling of currently non-conforming structures was to try to bring those structures in accord with the ordinance. The board determined that the property was not unique, but was affected by the shoreland zoning ordinance in the same way as other homes in the area. Thus, the board considered the variance request in light of the ordinance and concluded that a variance was not justified. The board also acknowledged that it was the Blocks'

---

[7] We recognize that, as the Blocks point out, the written decision of the board contains language reflecting the previous "no reasonable use" standard. We agree that the board's written decision is inadequate to show that it applied the correct legal standard. However, the board's hearing and deliberations show that it did apply the correct legal standard to the Blocks' variance petition.

entry into the mitigation plan that required them to remove their deck. Thus, any hardship claimed by the Blocks was self-created.

¶ 12. The board's decision is supported by the supreme court's reasoning in *Snyder*, 74 Wis. 2d 468. There, the court addressed a property owner's argument that he was improperly denied a variance to retain a substantially completed, non-conforming porch because "the porch could not be attached to other sides of the home," he "need[ed] the porch to enjoy lake living for his family including six children," and "the porch would add to the value of the house." *Id.* at 475. The court concluded that "[o]n the whole the record indicates that the reason the porch is so located is because the location is the most logical." *Id.* at 478. Further, the court stated, "[w]hile it may be true, as asserted, that if the porch may not be located where it is, then it is not feasible to have a porch at all on this property, the question would then become whether it is unnecessary hardship . . . that [the owner] needs a porch." *Id.* The court concluded that it was not. *Id.* at 478–79. Instead, the court explained, the owner's desire for a porch to enjoy lake living, accommodate his family, and increase the value of his property was based on personal inconvenience rather than an unnecessary hardship. *Id.*

¶ 13. Here, in its certiorari review, the circuit court reached the opposite conclusion. After viewing the property, the circuit court noted that the steep slope under the deck rendered the area useless if the deck was removed. It also concluded that "the deck is optimally located where it should be under the circumstances." While these statements may be true, they do not render the board's exercise of its discretion erroneous. There is no requirement that the Blocks have another use for the steep slope under their deck before

the board may deny their variance request. Further, the court's opinion that the deck was optimally located in its current position is not the relevant inquiry. Rather, the circuit court was required to review the board's decision to determine whether it acted within its jurisdiction, proceeded on a correct theory of the law, exercised its judgment, and might reasonably make the decision it did on the record before it. *See Ziervogel,* 269 Wis. 2d 549, ¶ 14.

¶ 14. We conclude that the board was justified in determining that the Blocks' desire for an area variance to retain their non-conforming deck was based on a personal inconvenience rather than an unnecessary hardship.[8] Because the circuit court did not properly defer to the board's reasonable decision to deny the Blocks an area variance, we reverse.

*By the Court.*—Order reversed.

---

[8] We need not address the Blocks' arguments as to the board's failure to adequately discuss other aspects of the unnecessary hardship test in their deliberations. The reasons above are sufficient to support the board's decision to deny the Blocks' variance request. *See Snyder v. Waukesha County Zoning Bd. of Adjustment,* 74 Wis. 2d 468, 479, 247 N.W.2d 98 (1976).