# COURT OF APPEALS
## DECISION
## DATED AND FILED

## January 22 2020

Sheila T. Reiff
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP10**

Cir. Ct. No. **2018CV273**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT II**

STATE OF WISCONSIN EX REL. ERIC A. NIELSEN, VICKY A. NIELSEN, VERNON R. NELSON AND PRISCILLA KAY ALDON NELSON,

PLAINTIFFS-APPELLANTS,

V.

WALWORTH COUNTY BOARD OF ADJUSTMENT,

RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Walworth County: DANIEL S. JOHNSON, Judge. *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Eric A. Nielsen, Vicky A. Nielsen, Vernon R. Nelson, and Priscilla Kay Aldon Nelson ("the Homeowners") appeal an order denying their action for certiorari relief and affirming the decision of the Walworth County Board of Adjustment.  While we conclude that the Homeowners have not overcome the presumption of correctness and validity of the Board's decision, we also conclude their appeal is not frivolous.  We affirm.

¶2    Bridlewood Estates of Lake Geneva is located in the Walworth County Town of Lyons.  In 1993, Bridlewood's developer sought county approval for a conditional use permit ("CUP") to create the Bridlewood Estates planned residential development ("PRD").  As part of the CUP application, the developer agreed to develop all roads to town standards.  The CUP was approved "as per plans submitted."  Moelter Road, usually referred to as North Moelter, is a quarter-mile private road owned by Bridlewood's homeowners association and is included within the condominium plat.  North Moelter provides the only access between Bridlewood and Back Road, a public town road.

¶3    The developed portion of Bridlewood's property lies between two entrance gates, one off Highway 50, the main entrance to Bridlewood, the other approximately a quarter mile south of Back Road.  The Homeowners live along that quarter-mile stretch, which is North Moelter.  While they have no ownership interest in the road, they have recorded easements over it for ingress and egress to Back Road.  Contrary to the developer's agreement, North Moelter remains undeveloped and unimproved.  Other roads within Bridlewood have been paved and improved with ditches and shoulders.

¶4    Citing safety concerns for residents due to the near impossibility of first-responder vehicles being able to navigate the unimproved road, the

2

Homeowners requested that the county zoning administrator enforce the CUP and direct Bridlewood to bring North Moelter into compliance. The zoning administrator declined on the basis that North Moelter is not covered by the CUP.

¶5 The Homeowners appealed to the Board. After a two-day hearing at which the Board was presented evidence and took testimony, it unanimously determined that North Moelter was excluded from the "plans submitted" such that there is no violation of the CUP issued for Bridlewood to be a PRD.

¶6 The Homeowners sought certiorari review, arguing that the evidence did not support the Board's findings, making its decision arbitrary. The circuit court affirmed the Board's decision, finding that North Moelter was excluded from the CUP, as it was not included in the "plans submitted," and that the Bridlewood PRD document provided substantial evidence to support the Board's decision to deny the Homeowners' request. This appeal followed.

¶7 In a certiorari action, our decision is driven by the standard of review. We review the record and decision of the Board, not of the circuit court. *Oneida Seven Generations Corp. v. City of Green Bay*, 2015 WI 50, ¶42, 362 Wis. 2d 290, 865 N.W.2d 162. We must accord a presumption of correctness and validity to the Board's decision, and may not disturb the Board's findings if any reasonable view of the evidence sustains them. *Snyder v. Waukesha Cty. Zoning Bd. of Adjustment*, 74 Wis. 2d 468, 476, 247 N.W.2d 98 (1976). A "court may not substitute its discretion for that committed to the board by the legislature." *Id.*

¶8 On review, therefore, our function is limited to determining whether (1) the Board kept within its jurisdiction; (2) it proceeded on a correct theory of law; (3) its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) it reasonably might have made the determination

3

in question based on the evidence. *State ex rel. Ziervogel v. Washington Cty. Bd. of Adjustment*, 2004 WI 23, ¶14, 269 Wis. 2d 549, 676 N.W.2d 401.

¶9      The Homeowners first assert that the Board's decision was arbitrary, as it seems to them the Board was more concerned with absolving the County of any liability.[1]   They point to the transcript of the Board's decision where Board members said they were not fully comfortable voting either way, as it was impossible to reconstruct what the Board was thinking decades ago and the deputy corporation counsel several times had suggested a writ of certiorari.

¶10     A board's decision is arbitrary when "such action is unreasonable or does not have a rational basis" or "is the result of an unconsidered, wil[l]ful and irrational choice of conduct and not the result of the 'winnowing and sifting' process." *Olson v. Rothwell*, 28 Wis. 2d 233, 239, 137 N.W.2d 86 (1965).

¶11     The record reflects that the Board reached its decision after "reading and rereading and marking and tagging" the hundreds of pages of materials received.  While some members thought the decision could go either way, the Board ultimately determined that North Moelter was not included in the Bridlewood development.  The decision transcript indicates that while the Board may have struggled to reach a decision, it saw merit on both sides and debated

---

[1] The Board asserts that the Homeowners waived this argument by failing to raise it below.  While intertwined with their argument that the Board's decision was not based on evidence in the record, we conclude they sufficiently raised the issue.  Both questions require us to determine whether the Board's decision is founded on sufficient evidence. *Williams v. Hous. Auth. of Milwaukee*, 2010 WI App 14, ¶10, 323 Wis. 2d 179, 779 N.W.2d 185.  Even if not properly raised, the waiver rule is one of judicial administration and a reviewing court may disregard a waiver. *See Wirth v. Ehly*, 93 Wis. 2d 433, 443-44, 287 N.W.2d 140 (1980), *superceded by statute on other grounds*, *Marine Bank v. Taz's Trucking, Inc.*, 2004 WI App 164, ¶24, 275 Wis. 2d 711, 688 N.W.2d 730.

both positions. We cannot say that the Board's ultimate decision was unconsidered, willful, or irrational.

¶12 The Homeowners next assert that the Board's decision is unsupported by any evidence. They presented evidence that North Moelter always was included in the planning for the Bridlewood development, with a primary purpose to provide access from Back Road.

¶13 For its part, the Board looked to a document titled "Bridlewood Estates PRD" as a plan submitted with the CUP request and found that it excluded North Moelter from the development area. It then identified five reasons for voting to deny the Homeowners' appeal: (1) the County approved a certified survey map in 2003 that did not require the improvement of North Moelter; (2) the County did not adopt private road standards until 2000; (3) the Bridlewood Estates PRD plan did not show North Moelter north of the development; (4) no developer's agreement existed; and (5) it would be improper for the Board to enforce private agreements in the condominium documents.

¶14 On certiorari, we are limited to ascertaining if there is substantial evidence to support the Board's decision. *Van Ermen v. DHSS*, 84 Wis. 2d 57, 64, 267 N.W.2d 17 (1978). "Substantial evidence means credible, relevant and probative evidence upon which reasonable persons could rely to reach a decision." *Sills v. Walworth Cty. Land Mgmt. Comm.*, 2002 WI App 111, ¶11, 254 Wis. 2d 538, 648 N.W.2d 878. We are not asked to weigh the evidence, nor may we substitute our view of the evidence for that of the Board. *Van Ermen*, 84 Wis. 2d at 64. "[I]f there is relevant, credible, and probative evidence upon which reasonable persons could rely to reach a conclusion, the finding must be upheld." *Princess House, Inc. v. DILHR*, 111 Wis. 2d 46, 54, 330 N.W.2d 169 (1983).

5

¶15    We must uphold the Board's decision if it is supported by substantial evidence, even if there also is substantial evidence to support the opposite conclusion. *Sills*, 254 Wis. 2d 538, ¶11. Although the Homeowners made compelling arguments in support of their position, the Board's decision also had substantial evidentiary support.

¶16    Finally, the Board contends the Homeowners' appeal is frivolous and moves for costs, fees, and reasonable attorney fees. *See* WIS. STAT. RULE 809.25(3)(a). The Homeowners oppose the motion.

¶17    To be frivolous, the appeal must have been filed in bad faith or there must be no support in law or equity or a good faith argument for a change in the law. WIS. STAT. RULE 809.25(3)(c). Whether an appeal is frivolous is a question of law. *Howell v. Denomie*, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621. To award costs and fees, we must conclude that the entire appeal is frivolous. *Id.*

¶18    The Homeowners presented tenable, if unsuccessful, arguments to support their position. The appeal is not wholly frivolous. We deny the motion for costs and fees.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.