Robert O. CLOUSER, et al., Individually and as Members of the District of Columbia Board of Zoning Adjustment, Appellants,

v.

HOT SHOPPES, INC., a corporation, Appellee.

No. 18920.

United States Court of Appeals District of Columbia Circuit.

Argued March 29, 1965.

Decided May 12, 1965.

Mr. David P. Sutton, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellants.

Mr. John R. Hess, Asst. Corp. Counsel, also entered an appearance for appellants.

Mr. Frank H. Strickler, Washington, D. C., with whom Messrs. John J. Carmody, Jr., and Clifford Lawrence Wiser, Bethesda, Md., were on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and FAHY and DANAHER, Circuit Judges.

JUDGMENT

PER CURIAM.

This case came on to be heard on the record on appeal from the United States District Court for the District of Columbia and was argued by counsel; and the trial judge having determined that the administrative record as stipulated is insufficient for the achievement of finality and having accordingly directed a remand for further proceedings before the Board of Zoning Adjustment at which additional testimony and argument may be adduced, as from Judge Youngdahl's opinion will more fully appear,

Now, upon consideration of the foregoing and of the record before this court,

It is ORDERED and ADJUDGED by this court that the judgment of the District Court, 231 F.2d 825, substantially for the reasons set forth in its opinion, is affirmed.

It is further ORDERED by the court that appellee herein recover from appellant its taxable costs on this appeal, and have execution therefor.

FAHY, Circuit Judge (concurring in part and dissenting in part).

This is an appeal by the District of Columbia from a decision of the District Court remanding to the Board of Zoning Adjustment a case in which appellee, Hot Shoppes, Inc., was denied a building permit for certain proposed construction on property located at 3250 Pennsylvania Avenue, S. E., this City.

At the location referred to appellee operates a restaurant with table and counter, and also curb or drive-in services. When operations began in 1959 both services were conforming uses under the Zoning Regulations. But in 1961 the Regulations were amended to exclude from the area in which the premises are located any type of drive-in restaurant. The drive-in portion of appellee's services then became a nonconforming use and was allowed to continue only by virtue of D.C.Code § 5–419,

"provided no structural alteration, except such as may be required by law or regulation, or no enlargement is made or no new building is erected."

On the premises as originally constructed, and at present, is a storage area adjacent to the main building, bounded on two sides by an enclosure described as a basket-weave fence, without a roof. Appellee stores commissary carts in this area. The carts are used to transport food to the restaurant from Hot Shoppes' central commissary; the carts thus aid both the conforming and nonconforming uses of the property.

In July, 1962 officials of the Health Department directed appellee to store its commissary carts under cover. Appellee

thereafter applied for a building permit which proposed to transform the fenced-in area into a completely enclosed structure with a roof, matching the main building architecturally. The application was rejected after a hearing on the ground that the proposed construction was an "enlargement" which would extend the nonconforming use contrary to the Zoning Act and Regulations. Following an inspection of the property *ex parte*, the Board denied an appeal, concluding that "it is obvious that the equipment can be placed somewhere inside the existing structure or perhaps other operational arrangements made" and that appellee had "failed to sustain its burden of proof that a hardship within the meaning of the law does in fact exist."

The District Court decided that the proposed construction was not an "enlargement" but a "structural alteration" and that as such would be "required by law or regulation" under Section 5–419 if it were shown that there was no room to store the carts in the existing main structure. The court refused to accept the Board's conclusion that there was room in the main structure because of the *ex parte* nature of the Board's inspection and its failure to afford appellee an opportunity to refute any facts upon which its decision was based. The court accordingly remanded the case to the Board, directing that if it were found that the carts could not be stored in the existing main structure appellee's application be granted, and that if the carts could be so stored, appellee's application be considered under the hardship provision, D.C.Code § 5–420(3).

I concur in remand for a fuller hearing before the Board of Zoning Adjustment, and for action by the Board upon the basis of such hearing, (1) with respect to whether or not the equipment can be placed inside the existing main structure, and (2) on the issue of hardship under Section 5–420(3) of the D.C.Code. But I dissent from the decision of this court in agreeing with the ruling of the District Court that should appellee be able to show on the remand that there was no room inside its restaurant building to store the carts then appellee's proposed alteration is to be approved as one "required" by Section 5–419, D.C.Code. That provision, as stated above, is to the effect that "no structural alteration, except such as may be required by law or regulation" be permitted for such nonforming use as is here involved. While the Health Department has required the carts to be under cover, this does not mean that the present storage area is required by law or regulation to be altered as appellee seeks to do if no place for the carts is found in appellee's restaurant building. The Health Department decision that from a health, safety or sanitary standpoint the carts should be covered is far indeed from a requirement by law or regulation that such a structural alteration be made of the place the carts are now stored. As a structure that place has not even been criticized from a health, safety or sanitary standpoint.

A remand would no doubt furnish an opportunity to determine whether the District would be satisfied with some method of covering the carts where they have been stored, should they be permitted to remain there.[1] If this is not possible and it is found that the equipment cannot be placed inside the restaurant,[2] then I would have the Board consider the appellee's application under the hardship provision, Section 5–420(3).

[1]. No one from the Health Department testified at the hearing before the Board of Zoning Adjustment either as to the violation involved or its possible remedy.

[2]. The District Court opinion states that if the Board finds there is room inside the restaurant to store the carts then it may consider the hardship issue. This is unclear to me. If there is room in the restaurant building there would seem to be no hardship.