Kenneth C. SCHALOW and Louise A. Schalow, his wife, Petitioners-Appellants,

v.

WAUPACA COUNTY and Waupaca County Board of Adjustment, Petitioners.†

Court of Appeals

*No. 86–1766. Submitted on briefs January 13, 1987.—Decided April 16, 1987.*

(Also reported in 407 N.W.2d 316.)

† Petition to review denied.

For the petitioners-appellants the cause was submitted on the brief of *Timothy T. Kay* and *Karius & Kay,* of Brookfield.

For the respondents the cause was submitted on the brief of *James H. Fasbender,* assistant district attorney.

Before Gartzke, P.J., Eich and Sundby, JJ.

SUNDBY, J.   Kenneth and Louise Schalow appeal a judgment and an order dismissing their petition for a writ of certiorari to review the county board of adjustment's denial of their application for variances from the county zoning ordinance. We conclude that in several respects the board acted contrary to law, its finding that the Schalows' proposed dwelling is too large for their lot is not supported by evidence, and the board erroneously concluded that the hardship demonstrated by the Schalows was self-imposed. We

therefore reverse and remand to the trial court with directions that the court remand the matter to the board for further proceedings consistent with this opinion.

The Schalows sought the necessary variances from the lot size and setback requirements of the county zoning ordinance to construct a single-family dwelling on their vacant lot located on Beasley Lake, Waupaca county. The lot is located in a residential subdivision on a public highway, Tammy Trail. All of the lots located along Tammy Trail were subdivided prior to adoption of the county zoning ordinance. However, the Schalows purchased the lot after the ordinance was adopted.

The board denied their application for the following reasons:

> This would be a dwelling on a substandard size lot, $\frac{1}{3}$ the size of the required 20,000 sq. ft., which will not meet any of the required setbacks. The proposed house is too large for this size of a lot.

> After the onsite inspection it was noted that the lot appears to have vegetation indicating a low area with dogwood and tagalder (sp) brush present.

> Section 27.04(3)(c)(4) [Waupaca County Zoning Ordinance] "Financial hardship, loss of profit, self-imposed hardships, such as that caused by ignorance, deed restrictions, proceeding without a permit, or illegal sales, are not sufficient reasons for granting a variance."

The Schalows sought certiorari review under sec. 59.99(10), Stats. Under this statute, review of the board's decision is limited to "(1) Whether the Board kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary,

oppressive or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question." *St. ex rel. Brookside v. Jefferson Bd.*, 131 Wis. 2d 101, 119–20, 388 N.W.2d 593, 600 (1986).

The board was required by the county zoning ordinance to decide applications for variances based upon eleven enumerated standards, of which the following are pertinent:

(3) The burden is upon the appellant to prove the need for a variance.

(4) Financial hardship, loss of profit, self-imposed hardships, such as that caused by ignorance, deed restrictions, proceeding without a permit, or illegal sales, are not sufficient reasons for granting a variance.

(6) The plight of the appellant must be unique, such as a shallow or steep parcel of land, or situation caused by other than his own action.

(7) The hardship justifying a variance must apply to individual appellant's parcel or structure and not generally to other properties in the same district.

(8) The variance must not be detrimental to adjacent properties.

(11) Subject to the above limitations, variances may be granted where strict enforcement of the terms of the ordinance results in an unnecessary hardship and where a variance in the standards will allow the spirit of the ordinance to be observed, substantial justice to be accomplished and the public interest not violated.

Waupaca County, Wis., Zoning Ordinance, sec. 27.04(3)(c) (1986).

Subsection (11) is a paraphrase of sec. 59.99(7)(c), Stats., which gives to county boards of adjustment the power:

> To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done.

The findings of the board may be summarized as follows: (1) The proposed dwelling would be on a substandard sized lot and would not meet any of the required setbacks; (2) the proposed dwelling is too large for the lot; (3) the lot appears to have vegetation indicating a low area; and (4) the Schalows' hardship was self-imposed.

The board's first reason is contrary to law. A board of appeals or adjustment cannot deny a variance simply because the variance constitutes a departure from the ordinance. 3 Anderson, *American Law of Zoning 3d,* sec. 20.75, p. 608 (1986). The very purpose of the variance procedure is to obtain relief from ordinance requirements which cannot be complied with. *Id.* The board failed to consider sec. 59.99(7)(c), Stats., and sec. 27.04(3)(c)(11) of the county zoning ordinance.

The Schalows propose to construct a building 840 sq. ft. in size on a lot of 6,240 sq. ft. Kenneth Schalow testified that all of the lots in the area of their lot were

288

substandard under the zoning ordinance and that their proposed dwelling conformed in size with the homes of their immediate neighbors. In acting on an application for a variance, a board of appeals or adjustment acts in a quasi-judicial capacity. 3 Rathkopf, *The Law of Zoning and Planning,* sec. 37.02(6), p. 37–35 (1987); *see Goldberg v. Milwaukee Zoning Appeals Bd.,* 115 Wis. 2d 517, 523, 340 N.W.2d 558, 561 (Ct. App. 1983). The board must act upon evidence. 3 Rathkopf, *supra,* sec. 42.07(5), p. 42–76. There was no evidence presented to the board that the dwelling proposed by the Schalows was too large to be accommodated on their lot. We conclude that the board's determination in this respect is not supported by evidence in the record.

The board made an onsite inspection and determined that the vegetation on the lot indicated a low area. However, no testimony to this effect was presented at the hearing. Nor was there testimony as to whether building on the lot would violate flood plain or shoreland zoning regulations or have undesirable environmental consequences. The board did not indicate this was a concern. It would be a denial of the Schalows' right to procedural due process to base a decision upon a hidden reason which they had no opportunity to rebut. 4 Anderson, *supra,* sec. 22.38, p. 104; *Hot Shoppes, Inc. v. Clouser,* 231 F. Supp. 825, 832–33 (D.D.C. 1964), *aff'd,* 346 F.2d 834 (D.C.Cir. 1965). In this respect the board acted contrary to law.

Finally, the board apparently considered the Schalows' purchase of the lot knowing of the ordinance regulations a self-imposed hardship from which the board could not grant relief under sec.

27.04(3)(c)(4) of the county zoning ordinance. 3 Rath-kopf, *supra,* sec. 39.02(2), p. 39–16, states:

> A purchaser of property acquires no greater right to a variance than his predecessor and he should not be held to acquire less. A purchaser of property who would be precluded from securing a variance because of this application of the self-created hardship rule is not precluded from attacking the validity of the ordinance in its application to his property despite his purchase.
>
> To deny a purchaser a variance is inconsistent with the purpose of the variance procedure—which is to prevent an attack on the whole ordinance—and is inconsistent with the rule requiring exhaustion of administrative remedies before such an attack can be made.

Because the lot was subdivided prior to the adoption of the county zoning ordinance, the Schalows' predecessors in title could have applied for the same variances applied for by the Schalows. While the Schalows acquire no greater rights than their predecessors, the right to apply for variances has not been lost because they purchased the lot after the zoning requirements were imposed.

We therefore reverse the judgment and order and direct the trial court to remand this matter to the board for further proceedings under sec. 59.99(7)(c), Stats., and sec. 27.04(3)(c) of the county zoning ordinance consistent with this opinion.

*By the Court.*—Judgment and order reversed and cause remanded with directions.