Ronald ARNDORFER and Joan Arndorfer, Petition-
ers-Respondents,georgia†

v.

SAUK COUNTY BOARD OF ADJUSTMENT,
Appellant.

Court of Appeals

*No. 89-0603. Submitted on briefs September 11,
1989.—Decided January 11, 1990.*

(Also reported in 453 N.W.2d 168.)

†Petition to review granted.

For the appellant the cause was submitted on the brief of the *Sauk County Corporation Counsel* by *Eugene R. Dumas,* of Baraboo.

For the petitioners-respondents the cause was submitted on the brief of *Krukowski & Costello, S.C.,* by *John W. Sprangers,* of Milwaukee.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J. The Sauk County Board of Adjustment appeals from a judgment reversing the Board's decision denying the Arndorfers' request for a variance to construct a holding tank sewage system on their land. The issue is whether the Board's denial of the variance was arbitrary, oppressive or unreasonable. We conclude it was not. Therefore, we reverse the trial court's judgment with instructions to reinstate the decision of the Board.

## BACKGROUND

In 1983, Ronald and Joan Arndorfer bought a 109 acre farm in the Town of Winfield, Sauk county, to be used as a recreation and hunting retreat. They improved the land and built living quarters. Soil tests indicated that a septic tank and drainfield could not be used. Moreover, because the Arndorfers' land was serviced by running water, a privy was prohibited under state regulations. The Arndorfers installed a holding tank sewage system.

Pursuant to secs. 25.08(3)(g)(2)[1] and 25.09(2)(e)(3)[2] of the Sauk County Private Sewage System Ordinance,

---

[1]Section 25.08(3)(g)(2) of the Ordinance provides that holding tanks:

> Shall be prohibited for use to serve new construction except in areas where a sanitary district has been formed. Where unnecessary hardship would otherwise result, persons aggrieved by this prohibition may appeal for a variance, in accordance with s. 25.09(2)(e)(3) of this Ordinance.

the Arndorfers sought a variance for the holding tank. Section 25.08(3)(g)(2) of the Ordinance prohibits the use of holding tanks to serve new construction, except where a sanitary district has been formed. Section 25.09(2)(e)(3) of the Ordinance provides that the Board has the power to grant a variance on, among other things, a showing of unnecessary hardship.

In July, 1987, the Arndorfers appealed to the Board for a variance. The Board held a public hearing and later unanimously denied the request for the variance. The Board found that the Arndorfers had not shown unnecessary hardship; that soil conditions on their land were not unique to the area; and that they might be able to use a more conventional system of sewage disposal.

Pursuant to sec. 59.99(10), Stats.,[3] the Arndorfers petitioned for certiorari review of the Board's decision. No transcript of the public hearing was available due to

---

[2]Section 25.09(2)(e)(3) of the Ordinance provides:

> As may be provided in this Ordinance, the Board of Adjustment shall have the power, in passing upon appeals where it is alleged that unnecessary hardship would result from the carrying out of the strict letter of the Ordinance, to authorize such variance from the terms of this Ordinance as will not be contrary to the public interest and so that the spirit of the Ordinance shall be observed and substantial justice done.

[3]Section 59.99(10), Stats., provides in part:

> Any person . . . aggrieved by any decision of the board of adjustment . . . may, within 30 days after the filing of the decision in the office of the board, commence an action seeking the remedy available by certiorari . . . .. If necessary for the proper disposition of the matter, the court may take evidence, or appoint a referee to take evidence and report findings of fact and conclusions of law as it directs, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify, the decision brought up for review.

technical problems with the tape recorder. Consequently, the parties supplemented the written record by stipulating to certain facts. Among other things, the parties stipulated that "due to on-site conditions, a privy or holding tank constitute the only types of private sewage systems available to service Petitioners' dwelling on the subject premises under applicable regulations" and that "insofar as Petitioner's dwelling on the subject premises is served by running water, a privy is not allowed under applicable regulations."

The circuit court reversed the Board's decision, concluding that the Arndorfers had shown unnecessary hardship and were entitled to a variance. The court found the denial of the variance unreasonable given that the Arndorfers' sewage disposal problems were due to characteristics unique to the property and that they had no alternative but to use a holding tank or else violate other regulations by not installing a sewage system.

## STANDARD OF REVIEW

On appeal from a judgment or order entered on certiorari, we do not review findings of the circuit court. We review the record of the board to which certiorari is directed. *State ex rel. Harris v. Annuity & Pension Board,* 87 Wis. 2d 646, 651, 275 N.W.2d 668, 671 (1979). When the circuit court does not take evidence, the common-law certiorari standard of review applies. *Klinger v. Oneida County,* 149 Wis. 2d 838, 843, 440 N.W.2d 348, 350 (1989). Review is limited to "(1) [w]hether the board kept within its jurisdiction; (2) whether it proceeded on a correct theory of law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determi-

337

nation in question." *St. ex rel. Brookside v. Jefferson Bd.,* 131 Wis. 2d 101, 120, 388 N.W.2d 593, 600-01 (1986).

In *Klinger,* 149 Wis. 2d at 845-46, 440 N.W.2d at 351, the supreme court declined to identify the proper standard of review when the circuit court takes evidence the board did not receive on an issue going to the merits of the board's decision. We do not reach that question here.

At trial, the parties supplemented the record before the Board by stipulating to certain facts. We need not determine whether, by accepting the stipulation, the court was "taking evidence" within the meaning of sec. 59.99(10), Stats. For the purposes of this appeal, the stipulation is irrelevant. We resolve the dispositive issue based on the written record the Board received. We review that record to determine whether the denial of the variance was arbitrary, oppressive, or unreasonable.

## DISCUSSION

Section 25.09(2)(e)(3) of the Ordinance sets forth three requirements for granting a variance from the holding tank prohibition:

(1) Strict enforcement of the Ordinance will result in unnecessary hardship;

(2) The variance cannot be contrary to the public interest; and

(3) The variance cannot offend the spirit of the Ordinance.

The issue is whether the Arndorfers have met their burden of showing unnecessary hardship.

338

■Under Wisconsin law, use and area variances require a showing of unnecessary hardship.[4] *See* sec. 59.99(7)(c), Stats.[5] (variances from county ordinances allowed on showing of "unnecessary hardship"). The supreme court discussed the unnecessary hardship standard in *Snyder v. Waukesha County Zoning Board,* 74 Wis. 2d 468, 247 N.W.2d 98 (1976).[6] The *Snyder* court said that whether unnecessary hardship exists is "best explained as '[w]hether compliance with the strict letter of the restrictions . . . would unreasonably prevent the owner from using the property for a permitted purpose or would render conformity with such restrictions unnecessarily burdensome.'" *Id.* at 475, 247 N.W.2d at

---

[4] "There are two types of variances: use variances, which allow a landowner to engage in a use that would otherwise violate the zoning statute; and nonuse or area variances, where the owner engages in a permitted use but is allowed to build improvements that would otherwise violate the zoning statute." 3 Rathkopf, *The Law of Zoning and Planning,* sec. 38.01(1) at 38–2 (release No. 27, 2/88).

[5] Under sec. 59.99(7)(c), Stats., a county board of adjustment is empowered

> [t]o authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done.

[6] In defining that term, the court considered whether there was any difference between "unnecessary hardship" and "practical difficulty." Unnecessary hardship is generally associated with use variances. Practical difficulty, on the other hand, is generally associated with area variances. The court held that there was no significant difference between the two standards. *Snyder,* 74 Wis. 2d at 474, 247 N.W.2d at 102.

102 (quoting 2 Rathkopf, *The Law of Zoning and Planning*, 45-28 (3rd ed. 1972)).

The *Snyder* court recognized that unnecessary hardship also requires landowners to show that the conditions creating the hardship are unique to their land. *Snyder*, 74 Wis. 2d at 477-79, 247 N.W.2d at 103-04. The uniqueness requirement is only briefly mentioned in *Snyder*. Because the court held that the hardship was self-created, it did not need to consider whether Snyder's plight was unique. While no other Wisconsin decision has discussed uniqueness, authorities uniformly recognize that the hardship complained of must be unique to the owner's land. *See e.g.,* 3 Rathkopf, *The Law of Zoning and Planning,* sec. 38.03[3] at 38-31 (release No. 27, 2/88) ("[I]t seems indisputable that in order to be 'unnecessary' a hardship must uniquely affect the land for which the variance is applied.").

If the hardship is common to the area or neighborhood, then the zoning restrictions are likely unreasonable. 8 McQuillin, *Municipal Corporations,* sec. 25.167 at 590 (3d ed. 1983). In such instances, the appropriate remedy is to seek a rezoning.

The Arndorfers contend that a holding tank is the only type of sewage system available to them and that they will not be able to occupy their living quarters unless granted a variance. While the Arndorfers apparently can show hardship, they are not entitled to a variance because they cannot show that the conditions creating the hardship are unique to their land. One reason the Board denied the Arndorfers' application for a variance was that the soil conditions on their land are not unique. In its decision, the Board said:

The representative of your local town board supported your arguments that holding tanks are not unique or unusual in the area. In fact, the representative of the Planning and Zoning Office supports the conclusion that it is quite likely numerous properties or building sites in this area will not be suitable for residential development unless holding tanks are available for new construction. As noted above, a variance is generally not appropriate for relieving a common situation; general problems should be addressed by legislative actions.

The Arndorfers do not dispute that holding tanks are a common necessity in the area. Instead, they contend they need not show uniqueness under the circumstances presented here. They argue they are entitled to a variance because, without one, they will be violating local and state regulations requiring a sewage system for every residence. Sec. 25.08(1) of the Private Sewage System Ordinance; Wis. Adm. Code, sec. ILHR 83.01(2)(a). They also argue that, because holding tanks are a common necessity in the area, the uniqueness requirement is obviated. We disagree.

Even though the Arndorfers cannot occupy their living quarters without the variance, they must still show uniqueness. *Cf. State ex rel. Markdale v. Bd. of Appeals,* 27 Wis. 2d 154, 162–63, 133 N.W.2d 795, 798–99 (undue hardship not found where building constructed in ignorance of zoning regulations was rendered unusable for its intended purpose). Moreover, the prevalence of holding tanks is irrelevant to whether the Arndorfers must show uniqueness.

A county board of adjustment is authorized to grant variances only where unnecessary hardship is shown. Sec. 59.99(7)(c), Stats. Unnecessary hardship requires

proof of hardship and uniqueness. While the Arndorfers may prove hardship, they cannot prove uniqueness. Under these circumstances, the Board lacked authority to grant the Arndorfers a variance.

Another issue in this case concerns the parties' stipulation. The Board found that the Arndorfers might be able to use a more conventional type of sewage disposal system. This finding is contradicted by the parties' stipulation, which states that only a holding tank system is available to the Arndorfers. We conclude that the stipulation is irrelevant because it only goes to proof of hardship. Nothing in the stipulation contradicts the Board's finding that the Arndorfers cannot show uniqueness. Without that showing, the Board lacked authority to grant the variance.

We conclude that the Board's denial of a variance that would have permitted the Arndorfers to use a holding tank was not arbitrary, oppressive or unreasonable.

*By the Court.*—Judgment reversed with directions to reinstate the decision of the Board of Adjustments.

SUNDBY, J. (*dissenting*). I dissent because the evidence in the record does not sustain the board's decision. The majority has gone beyond the record. Due to technical problems, no stenographic transcript of the hearing before the board was available to the trial court. Accordingly, the parties stipulated that "the written record on file herein, as supplemented by this stipulation of the parties, is a sufficient and appropriate basis upon which the Court may review the decision of the Sauk County Board of Adjustment." The majority states: "For the purposes of this appeal, the stipulation is irrelevant." Majority opinion at 338. I disagree. No rule of appellate review allows us to ignore a stipulation of the parties,

especially when the stipulation is for the purpose of reconstructing missing parts of the record.[1]

We are required to accept the following as facts:

> 2. That, due to on-site conditions, a privy or holding tank constitute the only types of private sewage systems available to serve [the Arndorfers'] dwelling on the subject premises under applicable regulations.
>
> 3. That, insofar as [the Arndorfers'] dwelling on the subject premises is served by running water, a privy is not allowed under applicable regulations.

The decision of the board states: "First, it must be noted that evidence was presented to the Board which raises the possibility that, with further examination, you may be able to locate a more conventional, alternative system of sewage disposal on your property."

This finding is not supported by the record. The stipulation specifically provides that a privy or holding tank constitutes the only type of private sewage system available to service the Arndorfers' dwelling. Therefore, there is no evidence to support the first basis for the board's decision.

Second, the board found that holding tanks are not unique or unusual in the area of the Arndorfers' property. The board's decision states that the representative of the planning and zoning office supported the conclusion that it is likely that numerous properties or building sites in this area will not be suitable for residential development unless holding tanks are available for new con-

---

[1]The stipulation, although made after the hearing, must be accepted as the parties' summary of the evidence presented to the board. Neither party claims that the stipulation is evidence taken by the court under sec. 59.99(10), Stats.

struction. The decision states that a variance is not appropriate for relieving a common situation.

The stipulation does not contain the testimony or summary of the testimony of the representative of the planning and zoning office. Therefore the decision of the board cannot be sustained on the basis of such testimony. Further, the stipulation specifically states that the Arndorfers' problem is "due to on-site conditions." No reference is made to the soil conditions of surrounding property; nor is there anything elsewhere in the record upon which the board could base its finding that the on-site conditions on the Arndorfer property are not unique to the site. Therefore, the board's decision in this respect is not supported by evidence. The trial court correctly kept to the record. The majority has not.[2]

[2]The majority opinion states: "The Arndorfers do not dispute that holding tanks are a common *necessity* in the area." Majority opinion at 341 (emphasis added). This is not an accurate statement of the Arndorfers' position. The Arndorfers state that holding tanks "abound in the Sauk County area." This is hardly a concession that holding tanks are a common "necessity" in the area. The Arndorfers argue that "the cause of all of [their] problems is the inability of the soil on their property to sustain any form of septic system except a holding tank, i.e., the problem is unique to the land." Other properties may be served by mound systems, in-ground pressure systems, or in-fill systems. There is no evidence as to the soil conditions of other properties having holding tanks. The board did not find that the soil conditions of the Arndorfers' land were not unique, only that "holding tanks are not unique or unusual in the area."

The Arndorfers have adamantly insisted that the stipulation constitutes the facts of the case and presents "a significant retreat" from the board's position. We cannot rewrite the board's stipulation and we cannot rely on statements of fact in its decision which are not supported by the record.

Finally, the board based its decision upon what it saw as the county board's policy to delegate to the town boards, by the formation of sanitary districts, whether to permit the use of holding tanks. The board stated: "The County Board has left it up to local town boards, who have control over whether or not sanitary districts shall be formed, to determine whether or not holding tanks shall be available for new construction in their local jurisdictions." This finding is contrary to the facts. Holding tanks are permitted through the variance procedure. Section 25.08(3)(g)(2), ch. 25, Sauk County Private Sewage System Ordinance (Am. 1981), provides that holding tanks "[s]hall be prohibited for use to serve new construction except in areas where a sanitary district has been formed. Where unnecessary hardship would otherwise result, *persons aggrieved by this prohibition may appeal for a variance . . ..*" (Emphasis added.) If it was county law that holding tanks are not permitted to serve new construction except where a sanitary district has been formed, the last sentence of sec. 25.08(3)(g)(2) would be surplusage.

In *Schalow v. Waupaca County,* 139 Wis. 2d 284, 288, 407 N.W.2d 316, 318 (Ct. App. 1987), we held that a board of adjustment cannot deny a variance simply because the variance constitutes a departure from the ordinance. We said: "The very purpose of the variance procedure is to obtain relief from ordinance requirements which cannot be complied with." *Id.* The board's decision prohibits the use of variances to obtain relief from the holding tank requirement. As applied, the opportunity for an affected property owner to obtain a variance from the ordinance is illusory.

If, in fact, the Sauk County Board chooses to outlaw holding tanks except where a sanitary district has been created, it should be the county board which makes this

regulation, not the board of adjustment. The board's use of the variance procedure to legislate usurps the powers of the county board.

For these reasons, I would affirm the judgment of the circuit court.