**JAMES McGUIRE, Appellant**

**v.**

**ZONING BOARD, Appellee and**
**OTTOVILLE DEVELOPMENT CORP., Appellee/Intervenor**

High Court of American Samoa
Appellate Division

AP No. 04-91

May 10, 1994

Before KRUSE, Chief Justice, RICHMOND, Associate Justice, WARD,[*] Acting Associate Justice, TAUANU'U, Chief Associate Judge, and BETHAM, Associate Judge.

Counsel: For Appellant, Reginald E. Gates
 For Appellee, Douglas J. Juergens, Assistant Attorney General
 For Appellee/Intervenor, Roy J.D. Hall, Jr.

Opinion and Order:

## PROCEDURAL HISTORY

On February 14, 1991, appellee Zoning Board granted a zoning variance to appellee Ottoville Development Corporation (hereinafter ODC). On May 3, 1991, the Zoning Board and appellants Charles Ala'ilima, who has since withdrawn as a party, and James McGuire stipulated to a stay of the zoning variance. ODC's motion to intervene was granted on December 6, 1993, and the order was filed on January 26, 1994. On March 8, 1994, Appellate Division granted ODC's motion to dissolve the stay but denied its motion to dismiss; the Zoning Board's motion for summary judgment was also denied.

## JURISDICTION GENERALLY

▆▆▆▆ Appeals to the High Court from the Zoning Board "may be taken in like manner to appeals under the Administrative Procedure Act [described in A.S.C.A. §§] 4.1040 through 4.1044." A.S.C.A. § 26.0341. Within 30 days from the service of the petition for appellate review, an agency is to send the court the record of the proceedings in the matter under review. A.S.C.A. § 4.1042; A.C.R. 17(a). Appellate review is confined to the record. On a party's request, "the court shall receive briefs and hear oral argument"; and the court has the discretion to receive evidence to supplement the record. A.S.C.A. § 4.1043(a). However, the court is not to reweigh the evidence on factual questions and is to give "appropriate weight to the agency's experience, technical competence, and specialized knowledge." A.S.C.A. § 4.1043(b).

## FAILURE TO EXHAUST ADMINISTRATIVE

---

[*] Honorable John L. Ward II, Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.

 Judicial review is available to a "person who has exhausted *all* administrative remedies *available* within an agency and who is aggrieved by a final decision in a contested case." A.S.C.A. § 4.1040(a) (emphasis added). Regulations promulgated by the government further state that "[w]ithin 10 days after receipt of the decision the applicant or any other interested party may file a written motion for reconsideration." A.S.A.C. § 26.0320(h). Thus, this statute requires that all available administrative remedies be pursued before this court can grant judicial relief.

 Whether compelled by statute or exercised as a matter of judicial discretion, the "long settled rule of judicial administration [is] that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy had been exhausted." *LaVallee Northside Civic Ass'n v. Virgin Islands Coastal Zone Management Comm'n*, 866 F.2d 616, 620-21 (3d Cir. 1989) (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). The rationale for this requirement is as follows:

> [T]he doctrine [of exhaustion of administrative remedies] (1) insures against premature interruption of the administrative process; (2) allowed the agency to develop the necessary factual background on which to base a decision; (3) allowed exercise of agency expertise in its area; (4) provided a more efficient process; and (5) protected the administrative agency's autonomy by allowing it to correct its own errors and insuring that individuals were not encouraged to ignore its procedures by resorting to the courts.

*South Hollywood Hills Citizens v. King County*, 677 P.2d 114, 118 (Wash. 1984) (citing *McKart v. United States*, 395 U.S. 185 (1969)). Most importantly, utilizing administrative procedures may eliminate the need for judicial review altogether. *LaVallee Northside Civic Ass'n*, 866 F.2d at 620 (citing *FTC v. Standard Oil Co.*, 449 U.S. 232, 243-45 (1980)). When a statute prescribes administrative remedies which must be exhausted before judicial review is allowed, these procedures are jurisdictional. *See Joelson v. City of Casper, Wyo.*, 676 P.2d 570, 571-72 (Wyo. 1984) (statute provides for judicial review after administrative remedies have been exhausted; the timely filing of a petition for review is jurisdictional); *American Hog Co. v. County of Clinton*, 495 S.W.2d 123, 125 (Mo. Ct. App. 1973) (failure to follow statutory procedure for appeals is a jurisdictional matter); *Midland Enterprises, Inc. v. City of Elmhurst*, 589 N.E.2d 1019, 1024 (Ill. App. Ct. 1992) (trial court lacked jurisdiction

61

when plaintiff failed to seek review pursuant to state's Administrative Review Law).

Appellant did not file a motion for reconsideration with the Zoning Board. Since exhaustion of administrative remedies is required by statute, this court lacks jurisdiction to hear his appeal.

## OTHER ISSUES

While petitioner's appeal cannot succeed due to his failure to exhaust his administrative remedies, this court will nonetheless address a few other matters concerning the Zoning Board's procedures in deciding requests for zoning variances. These matters are brought to the Zoning Board's attention so that future zoning-variance requests can be handled in conformance with applicable provisions of statutes, administrative regulations, and court rules. Following these provisions will also aid future judicial review of the Zoning Board's decisions.

### I. A Zoning Variance Lapses 180 Days After Issuance

While the failure to exhaust administrative remedies disposes of this appeal, the variance may have lapsed. The administrative rule reads as follows:

> Unless renewal of a variance is requested, it shall lapse 180 days after its issuance unless prior to that date . . . if a building is to be constructed . . . a building permit has been issued, and construction is commenced and diligently pursued. . . . A variance may be renewed by the board for a period of 30 days.

A.S.A.C. § 26.0320(j). The record of a variance proceeding would not necessarily show whether or not a building permit was issued and construction was commenced in a timely manner. The record would normally indicate a 30-day renewal of a variance. This record does not show any renewal. Moreover, this record contains an ODC officer's declaration that "[c]onstruction is expected to begin in early March/1994." Affidavit of David O. Halleck, ¶ 4 (Feb. 7, 1994). If indeed there was a failure to comply with A.S.A.C. § 26. 0320(j), the variance may no longer be valid.

### II. The Zoning Variance Lacks the Requisite Findings of Fact

62

"The Zoning Board may grant a variance . . . if it finds that the variance is necessary to make possible a reasonable use of land or a building, or that the refusal of a variance would impose a hardship, and that the variance would not be injurious to the neighborhood." A.S.C.A. § 26.0340(a). Furthermore, the evidence must show that (1) the use is compatible with other uses in the "general neighborhood area" and does not unduly burden utilities or other services, (2) the site's size can accommodate the use, (3) the streets can handle the anticipated traffic volume, and (4) the use will not adversely affect other property in the area or the territory's welfare. A.S.A.C. § 26.0320(d). Written findings supporting the granting of a variance must be made. A.S.C.A. § 26.0340(b).

However, the findings contained in the Zoning Board's decision granting ODC's request for a variance consisted of the following:

> (a) The parking aisles are sufficient in width to provide convenience in vehicular circulation throughout the site and that the required amount [sic] of parking stalls comply with Zoning Requirement.

> (b) The proposed use and development is compatible with the existing and anticipated development in the area.

> (c) The project will be architecturally compatible with anticipated development in the future.

> (d) The project meets all setback requirements.

"Decision of Zoning Board Regarding Variance Application," File No. V-347-90 (Jan, 31, 1991). On its face, these findings are inadequate. Some findings mandated by regulation or statute are omitted entirely, and others merely recite the language of statutes or regulations. As such, the variance lacks the necessary findings of facts.

"[G]eneralized, conclusory, or incomplete findings are not sufficient. . . . [T]here must be findings on each material fact *with full reasons given to support each finding*." *A.L.W., Inc. v. District of Columbia Bd. of Zoning Adjustment*, 338 A.2d 428, 430 (D.C. Ct. App. 1975) (emphasis in original) (quoting *Dietrich v. Board of Zoning Adjustment*, 293 A.2d 470, 473 (D.C. Ct. App. 1972)). Similarly, a statutory requirement for findings of fact "is not met by parroting the highly generalized statutory

phrases" of a variance ordinance. *Blair v. Zoning Bd. of App., City of Chicago*, 228 N.E.2d 555, 557 (Ill. App. Ct. 1967) (quoting *Lindburg v. Zoning Bd. of App.*, 133 N.E.2d 266, 268 (Ill. 1956)); *A.L.W.*, 338 A.2d at 430 ("no administrative body fulfills its quasi-judicial responsibility by merely repeating the applicable statutory language in making its conclusions"). When findings of fact are not made, a reviewing court cannot ascertain what evidence, if any, was the basis of a zoning board's conclusion. *Blair*, 228 N.E.2d at 557. The Zoning Board should formulate its findings of fact in accordance with the applicable statutes and its own regulations.

## III. Inadequacy of the Zoning Board's Record

At minimum, the agency's record is to include (1) the parties' pleadings, motions, briefs, and memoranda; (2) a summary of evidence received and considered; (3) any agency rulings, decisions, or reports; and (4) the final decision or order. A.S.C.A. § 4.1032; *see* A.C.R. 16(a) (record must include the "order sought to be reviewed or enforced, the findings or report on which it is based, and the pleadings, evidence and proceedings before the agency"). If a record lacks the information required by the statute and court rule, proper judicial review is impossible. *See Penn Township Bd. of Supervisors v. DeRose*, 339 A.2d 859, 860 (Pa. Commw. Ct. 1975) (remand to Zoning Hearing Board to develop a proper record due to absence of statutorily-mandated stenographic record and transcript of proceedings); *Hot Shoppes, Inc. v. Clouser*, 231 F. Supp. 825, 832 (D.D.C. 1964) (zoning regulations required that the zoning board enter "the full reasons for its decisions" in its "minutes book"), *aff'd* 346 F.2d 834 (D.C. Cir. 1965) (per curiam); *see also East Greenwich Yacht Club v. Coastal Resources Management Council*, 376 A.2d 682, 687 (R.I. 1977) (judicial review was "impossible," and certiorari petition was denied, when statutorily-required factual findings were absent and the transcript of hearing was not before the court).

The "record" provided by the government lacks many of the required elements, especially the evidence upon which the Zoning Board decided to grant the variance. As such, the Zoning Board is admonished to comply with all applicable statutes, regulations, and rules in preparing records of its proceedings.

## CONCLUSION

Petitioner has failed to exhaust his administrative remedies, so this court lacks jurisdiction to hear his appeal. Therefore, this appeal is dismissed.

It is so ordered.