186 Wis.2d 300 (1994)
519 N.W.2d 782
Suzanne Baker CLARK, and Nancy Baker Woodburn, Plaintiffs-Appellants,
v.
WAUPACA COUNTY BOARD OF ADJUSTMENT, Defendant-Respondent.
No. 93-0397.
Court of Appeals of Wisconsin.
Submitted on briefs October 8, 1993.
Decided June 30, 1994.
*302 For the plaintiffs-appellants the cause was submitted on the brief of Bruce K. Kaufmann of Jenswold, Studt, Hanson, Clark & Kaufmann of Madison.
For the defendant-respondent the cause was submitted on the brief of Jeffrey J. Siewert, Waupaca County Corporation Counsel, of Waupaca.
Before Eich, C.J., Gartzke, P.J., and Sundby, J.
GARTZKE, P.J.
Suzanne Clark and Nancy Woodburn appeal from a judgment affirming the decision of the Waupaca County Board of Adjustment. The board denied their request for variances under the county zoning ordinance to build a single-family dwelling on their platted lot. They assert that the board acted arbitrarily and capriciously without regard to the evidence before it, and failed to state valid reasons for denying the variances, and that compliance with the zoning requirements unreasonably prevents them from using their property for any purpose. The trial court held to the contrary, and we affirm.
Appellants' lake lot has been in their family since it was platted around 1905. According to appellants, it contains 4,889 square feet, is pie-shaped with fifty feet *303 of public road frontage, and is about twenty-four feet wide at the Long Lake meander line and thirty-six feet wide at the seventy-five foot water setback line.[1] Years after the platting, the county adopted a zoning ordinance.
The minimum residential single-family lot size under the ordinance is 20,000 square feet. In addition to requesting variance from the lot size requirement, appellants request setback side yard variances. According to appellants, construction of a dwelling complying with required yards and setbacks is not realisticthe building would be five feet, eight inches wide at its narrowest and twelve feet wide at its widest dimension. Appellants propose a dwelling with 570 square feet of first-floor living area.
The board gave three reasons for its decision to deny the request for variances. The first is a compound reason: the lot is too small for any kind of a reasonable home and the proposed dwelling would not conform to the surrounding dwellings in the neighborhood. Second, a discrepancy exists regarding the lot size and boundary lines. Third, appellants suffer no hardship without the variances because neighbors testified that they are willing to by the lot for a price exceeding its assessed value.
[1]
Appellants sought certiorari review under § 59.99(10), STATS., in the circuit court. Although the circuit court affirmed the zoning board's decision, we examine the record de novo without deference to the views of the circuit court. Boynton Cab Co. v. DILHR, *304 96 Wis. 2d 396, 405, 291 N.W.2d 850, 855 (1980). Our review is limited to: (1) whether the board kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably issue the order or make the determination in question. Snyder v. Waukesha County Zoning Bd., 74 Wis. 2d 468, 475, 247 N.W.2d 98, 102 (1976). The jurisdiction of the board is not challenged.
[2]
Our review is further limited by the principle that if our decision on one issue disposes of an appeal, we need not review the other issues raised. Sweet v. Berge, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983). Thus, if we conclude that any one of the board's reasons for denying the variances at issue passes certiorari review, we affirm without commenting on the board's other reasons.
[3-5]
The evidence supports the board's first reason regarding a reasonable home and its conformance to the surrounding dwellings. On certiorari, we apply the substantial evidence test to determine whether the evidence is sufficient. Stacy v. Ashland County Dept. of Pub. Welfare, 39 Wis. 2d 595, 602,159 N.W.2d 630, 634 (1968). Substantial evidence is evidence of such convincing power that reasonable persons could reach the same decision as the board. Stacy, 39 Wis. 2d at 603, 159 N.W.2d at 634. As the substantial evidence test is highly deferential to the board's findings, we may not substitute our view of the evidence for that of the board when reviewing the sufficiency of the evidence on certiorari. Van Ermen v. DHSS, 84 Wis. 2d 57, 64, 267 N.W.2d 17, 20 (1978). If any reasonable view of the *305 evidence would sustain the board's findings, they are conclusive. Nufer v. Village Bd., 92 Wis. 2d 289, 301, 284 N.W.2d 649, 655 (1979). Even if we would not have made the same decision, in the absence of statutory authorization we cannot substitute our judgment for that of the zoning authority. Buhler v. Racine County, 33 Wis. 2d 137, 146-47, 146 N.W.2d 403, 408 (1966). No such statutory authorization exists.
The board's first reason for denying the variance is both reasonable and based upon facts of record. According to appellants, to construct a dwelling complying with the required yards and setbacks is unrealistic given the pie-shaped nature of the lot. Appellants themselves propose a dwelling with only 570 square feet of first-floor living area. The board's decision that the lot is too small for any kind of a reasonable home is one we must accept, and under the circumstances it is not arbitrary or capricious.
Substantial evidence supports the board's finding that the proposed dwelling would not conform to the surrounding dwellings. This is true for two reasons. The first has to do with the building site itself. Appellants produced evidence regarding twenty-one building sites, each having a dwelling on it, adjacent to or on the same street as their lot. Only one site has an area less than that of appellants' lot. All of the other sites are more than 5,000 square feet and, with one exception, are less than 20,000 square feet. The second reason has to do with appellants' proposed dwelling. It would have only 570 square feet of first-floor living area which, according to appellants, is slightly smaller than a conventional two-car garage. Appellants presented the only evidence in the record pertaining to dwelling size. According to appellants, the dwellings to the north and south of their lot have 1,200 and 700 square feet of *306 first-floor area, respectively. The record fails to show that any dwelling on any of the twenty-one sites is as small as the one the appellants propose to build.
[6]
Nor can we say, given the record, that the board's decision is arbitrary or capricious. A decision of a board is arbitrary or capricious if it is unreasonable or without a rational basis. Snyder, 74 Wis. 2d at 476, 247 N.W.2d at 103. As our previous discussion demonstrates, the board's decision is reasonable and has a rational basis.
Appellants assert that because they have met the burden of proving an unnecessary hardship, they are entitled to the variances they requested. They apparently contend that the board therefore committed an error of law. We disagree. Neither the Waupaca County Zoning ordinance nor any statute requires the board to grant variances solely on unnecessary hardship grounds, when, as here, the board's decision is justified for another reason. Section 27.04(3)(c)11, WAUPACA COUNTY ZONING ORDINANCES, provides that subject to certain limitations "variances may be granted where strict enforcement of the terms of the ordinance results in an unnecessary hardship and where a variance [of] the standards will allow the spirit of the ordinance to be observed, substantial justice to be accomplished and the public interest not violated." In Schalow v. Waupaca County, 139 Wis. 2d 284, 288, 407 N.W.2d 316, 318 (Ct. App. 1987), we noted that subdiv. 11 of the Waupaca ordinance paraphrases § 59.99(7)(c), STATS., which authorizes county boards of adjustment to grant
such variance from the terms of the ordinance as will not be contrary to the public interest, where, *307 owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done.
The language of both the ordinance and the statute is permissive.
In Schalow, we found that every reason the Waupaca County Board of Adjustment gave for denying the variance sought in that case was error as a matter of law, or error because the reason was not supported by evidence in the record. Schalow, 139 Wis. 2d at 288-90, 407 N.W.2d at 318-19. One error was that the board had failed to consider § 59.99(7)(c), STATS., and 27.04(3)(c)11, WAUPACA COUNTY ZONING ORDINANCES. We directed the trial court to remand the matter to the board for further proceedings under 59.99(7)(c) and 27.04(3)(c)11. Schalow, 139 Wis. 2d at 290, 407 N.W.2d at 319.
[7]
Our mandate in Schalow is not appropriate in this appeal. Here we sustain the board's denial of the variance on the basis of its first reason: the lot is to small for any kind of a reasonable house and the proposed dwelling would not conform to the surrounding dwellings in the neighborhood. We need not review the other reasons on which the board relied, namely, the discrepancy regarding lot size and boundary lines and the lack of hardship.
By the Court.Judgment affirmed.
NOTES
[1] This is the parcel's approximate size although the board concluded that a discrepancy exists regarding the lot size and location of the survey lines. The lot may contain 784 square feet less area than claimed.