Patricia A. **BIRCK**, Plaintiff,

v.

**COUNTY OF WALWORTH**, Walworth County Park and Planning Commission, and Carol Krauklis, Walworth County Clerk, Defendants.

No. 93–C–0932.

United States District Court, E.D. Wisconsin.

June 25, 1994.

**510**

Lisle W. Blackbourn, Godfrey, Neshek, Worth & Leibsle, Elkhorn, WI, for plaintiff.

Kathryn M. West, Whyte Hirschboeck Dudek, S.C., Milwaukee, WI, for defendants.

**DECISION AND ORDER**

REYNOLDS, District Judge.

Plaintiff Patricia Birck ("Birck") claims, pursuant to 42 U.S.C. § 1983, that Walworth County violated her Fourteenth Amendment rights by denying her application for a conditional use permit that would enable her to land a helicopter on a farm she owns. Defendants have filed a motion for summary judgment and a motion to dismiss for failure to state a claim. For reasons set forth below, the motion for summary judgment will be granted.

### I. Facts

Birck's farm consists of 72 acres, most of it zoned "A–1," or "Prime Agricultural Land District." In her application for a conditional use permit, filed April 13, 1993, with the Walworth County Park and Planning Commission ("the Commission"), Birck proposed to use ten square feet of the farm for a helicopter landing pad, the purpose of which would be to facilitate her and her husband's

travel to the farm from their home in Northbrook, Illinois. Use of the landing pad would constitute a conditional use under Walworth County Zoning Ordinance § 3.3(B)(12), which designates the following as among the conditional uses of A–1 land:

> Airports, airstrips, landing fields and helicopters, which are related to agricultural activities, including those which are used to assist the owner or operator with a means of transportation to and from the site.

(Feb. 1994 Blackbourn Aff., Ex. 1 at 11.)

At a May 20, 1993 hearing before the Commission on Birck's application, she and her husband answered questions about their use of the helicopter, and the owners of a horse stable on land adjacent to the Birck's farm spoke in opposition to the application on the ground that noise from the helicopter would disturb their horses. At a second hearing on June 18, 1993, the Commission viewed a videotape of the helicopter's takeoff and landing, was read a letter from Birck's attorney offering to agree to various restrictions on operation of the helicopter, and was read letters in opposition to Birck's application from a user of the horse stable and from the Town of Walworth Board of Supervisors ("Town Board"). The Commission at the conclusion of the hearing voted to deny Birck's application.

In a formal notice issued the same day, the Commission set forth the following reasons for its decision, which were identical to those stated in the letter from the Town Board:

1. The farm is rented out and is not a hands-on operation operated by the Bircks, nor will they reside on the property.

2. There is opposition and concern by neighbors that the taking off and landing would disturb the tranquility of the neighborhood. In the case of an adjoining horse farm, this would be detrimental and/or dangerous to horses and riders.

3. The nuisance and possible danger to those living in the area outweighs the convenience the Conditional Use would afford the Bircks, and that they could commute to their home on Lake Geneva from an airport such as Big Foot or Lake Lawn just as well.

4. The applicant has failed to demonstrate a need for this in his [sic] farm operation.

(Compl., Ex. I.)

In May 1989, a few years before the Commission denied Birck's application, it granted a conditional use permit for use of a private helicopter pad to Big Foot Farms, Inc. ("Big Foot"), whose property, like Birck's, was located in the Town of Walworth. (Feb. 1, 1994 Birck Aff., Ex. 4.) The notice approving Big Foot's permit application does not indicate whether the Commission had considered the same factors it later considered in denying Birck's application, and no other evidence on this point has been submitted. (*Id.*)

Review of applications for conditional use permits is governed by Walworth County Zoning Ordinance § 4.2, which provides in pertinent part:

> The County Park and Planning Commission shall review the site, existing and proposed structures, architectural plans, neighboring land and water uses, parking areas, driveway locations, highway access, traffic generation and circulation, drainage, waste disposal water supply systems, and the effects of the proposed use, structure operation and improvement upon flood damage protection, water quality, shoreland cover, natural beauty and wildlife habitat, and shall hold a public hearing after publishing ... notice thereof....

> *The County Park and Planning Commission* may authorize the County Zoning Administrator to issue a conditional use permit after review and public hearing, provided that such conditional uses and structures are in accordance with the purpose and intent of this Ordinance and are found to be not hazardous, harmful, offensive, or otherwise adverse to the environmental quality, water quality, shoreland cover, or property values in the county and its communities.

> *Conditions* ... may be required by the County Park and Planning Commission upon its finding that these are necessary to

fulfill the purpose and intent of this Ordinance.

*Compliance* with all other provisions of this Ordinance, such as lot width and area, yards, height, parking, loading, traffic, highway access, and performance standards shall be required of all conditional uses.

(Feb. 1994 Blackbourn Aff., Ex. 1 at 47. (emphasis in original.))

## II. Analysis

■ The court must grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions, and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of asserting the absence of any dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). To withstand summary judgment, however, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e).

■ Birck claims the Commission discriminated against her in violation of the Equal Protection clause of the Fourteenth Amendment by basing its denial of her application on her membership in each of the following groups:

individuals who own farmland but rent it out;

individuals who own farmland but do not actively engage in farming;

individuals who own A–1 farmland located in Walworth County who desire to obtain a conditional use permit for a heliport but do not use such property as a primary residence;

affluent people who have means to have specialized transportation....

(Compl. at ¶ 21.) None of these are "suspect classifications," so the only question is whether Birck's inclusion in any of them constitutes a rational basis for the Commission's decision to deny her application. *DeSalle v. Wright,* 969 F.2d 273, 275 (7th Cir.1992).

■ Birck correctly points out that the pertinent Walworth County Ordinance does not itself establish such classifications. This fact, however, while perhaps relevant to the question of whether the ordinance was properly applied as a matter of local law, does not tend to show that use of the classifications was not rationally related to the County's interest in reviewing applications for conditional use permits. Because Birck has not made such a showing, and because it is her burden to do so, this claim must be dismissed.

■ Birck also claims that the Commission denied her right to equal protection by treating her differently than Big Foot, which was granted the same kind of conditional use permit later denied to Birck. In support of this claim, Birck relies upon *Herro v. City of Milwaukee,* 817 F.Supp. 768, 772 (E.D.Wis. 1993), where this court held that a plaintiff may state an equal protection claim by showing that factors which the state deemed conclusive in his or her case applied with equal force, and yet were disregarded, in another case. In the instant action, however, Birck has neither alleged nor shown that each of the factors deemed conclusive as to her application (e.g., inconvenience to neighbors, proximity of alternative landing site) applied with equal force to the application filed by Big Foot, and thus *Herro* affords no basis for concluding that the differential treatment of the two applications was irrational. This equal protection claim must therefore also be dismissed.

■ Birck's final federal claim is that the Commission's decision deprived her of property without due process of law. This claim is foreclosed by the Seventh Circuit's decision in *River Park, Inc. v. City of Highland Park,* 23 F.3d 164 (7th Cir.1994), which held that a municipality's zoning decision does not violate the due process clause as long as there was the opportunity to seek review of the decision in state court. In Wisconsin, this opportunity is available through a petition for a writ of certiorari. *See, e.g., Snyder v. Waukesha County Zoning Board of Adjustment,* 74 Wis.2d 468, 247 N.W.2d 98 (1976).

Because the court concludes that each of Birck's federal claims must be dismissed, it declines to exercise jurisdiction over her state claims, and therefore will dismiss these claims without prejudice. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

**IT IS THEREFORE ORDERED** that defendants' December 29, 1993 motion for summary judgment is GRANTED with respect to Birck's federal claims and DENIED with respect to her state claims.

**IT IS FURTHER ORDERED** that defendants' December 29, 1993 motion to dismiss is DENIED as moot.

**IT IS FURTHER ORDERED** that Birck's federal claims are DISMISSED and her state claims are DISMISSED WITHOUT PREJUDICE.