Thomas MAGULSKI, Bart G. Ament,
Paul Craven, Cassius McDiarmid,
Plaintiffs,

v.

COUNTY OF RACINE, Defendant.

Civ. A. No. 94–C–0514.

United States District Court,
E.D. Wisconsin.

March 16, 1995.

Garth R. Seehawer, Wheaton Franciscan Services, Wheaton, IL, for plaintiffs.

Mark F. Vannucci, Deputy Corp. Counsel, Racine, WI, for defendant.

## DECISION AND ORDER

REYNOLDS, District Judge.

Plaintiffs bring this action under 42 U.S.C. § 1983, alleging that defendant Racine County adopted a zoning amendment in such manner as to deprive them of equal protection of the laws and due process under the Fourteenth Amendment. Plaintiffs also bring a pendent state claim for violation of Wis.Stat. § 59.97, which sets forth proper procedures for the formation of zoning ordinances. The lawsuit was filed on May 12, 1994.

Racine County filed a motion to dismiss for failure to state a claim on June 2, 1994, and a motion for summary judgment on November 4, 1994. This court shall grant both motions with respect to the federal claims. Plaintiffs' pendent state claim shall be dismissed without prejudice. Jurisdiction in this court is based on 28 U.S.C. § 1343.

### I. Facts

The following facts are undisputed. In 1991, P & E Development Corporation ("P & E"), the owner of a parcel of real estate located in the Town of Dover, Racine County, Wisconsin, petitioned Racine County to rezone P & E's land. P & E sought to convert the land from a farming and water-oriented business district into a suburban and residential district, in order to develop a subdivision with single-family lots.[1] (Compl./Ex. 3 ¶ 6.) In December 1991, the Racine County Planning and Development Committee ("Committee") held a public hearing on P & E's rezoning petition at which there was "substantial opposition." (Dec. 6, 1994 Seehawer Aff. ¶ A(4)(e).) In March 1992, the Committee recommended that the Racine County Board ("County Board") deny P & E's rezoning request, based on significant opposition, sewage problems, proximity to wetlands and Eagle Lake, zoning problems, lack of information, and potential traffic concerns. (Compl./Ex. 3 ¶ 14.) In July 1992, the County Board cast a tie vote on the rezoning

petition, and the following month, voted to defeat the petition.

In March 1993, P & E filed a state court lawsuit against Racine County, alleging that the County Board violated a state statute by failing to rerefer P & E's petition back to the Committee upon denying it. The Circuit Court granted summary judgment for Racine County in July 1993 and dismissed the suit. That same month, P & E filed a second action in state court, alleging that the County Board's decision to deny P & E's rezoning petition was unreasonable, arbitrary, capricious, and unconstitutional.

In February 1994, approximately two years after recommending denial of the P & E rezoning petition, the Planning and Development Committee recommended that the County Board grant the petition. The Committee did not conduct another public hearing on the ordinance. On March 9, 1994, the Board adopted the ordinance, and on March 28, 1994, P & E and Racine County stipulated to a dismissal of the state court lawsuit.

Plaintiffs allege that the County Board passed P & E's rezoning ordinance in order to settle P & E's state court lawsuit, and that the Racine County Corporation Counsel brokered this settlement with P & E counsel, the Planning Committee, and the County Board. (Dec. 6, 1994 Seehawer Aff. ¶ B.) Plaintiffs maintain that in February 1994, Corporation Counsel informed the Committee that Racine County had "substantial financial exposure" as a result of P & E's lawsuit, that approving the rezoning ordinance would settle the case, and that P & E would not settle the case if another public hearing were held. (Id.) According to plaintiffs, the County Board agreed to this arrangement and, in March 1994, voted for the rezoning ordinance "to get the P & E case off the County's back." (Id. at ¶ B(7).) Plaintiffs argue that the method by which the Board passed the ordinance and settled the state court lawsuit amounts to a violation of their constitutional rights to due process and equal protection of the laws under the Fourteenth Amendment, as well as to a violation

1. Specifically, P & E requested that the property be rezoned from A–3 General Farming and Residential District II, B–2 Community Business District, and B–6 Water Oriented Business District, to R–3A Suburban and Residential District (Sewer).

of Wis.Stat. § 59.97, which requires *inter alia* that designated zoning agencies conduct a public hearing upon receipt of a petition for amendment of any county zoning ordinance.

## II.  Analysis

The court must grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions, and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Material facts are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party moving for summary judgment has the initial burden of asserting the absence of any dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). To withstand summary judgment, however, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). The court must draw all reasonable inferences from the record in favor of the nonmoving party. *Johnson v. Pelker,* 891 F.2d 136, 138 (7th Cir.1989).

## A.  Due Process

Plaintiffs claim that they were denied a public hearing prior to the County Board's passage of P & E's rezoning ordinance, in violation of Wis.Stat. § 59.97(5)(e), which requires a designated agency, upon receipt of a petition for amendment of any county zoning ordinance, to conduct a public hearing. Plaintiffs allege that such denial amounts to a violation of their First Amendment rights to freedom of speech and petition, protected against deprivation by the due process clause. Plaintiffs do not state any injury due to or resulting from deprivation of property.

While the precise issue in this case has not previously been decided by the federal courts, the Seventh Circuit has viewed constitutional challenges to zoning decisions with a jaundiced eye, even where violations of state law have occurred. The Seventh Circuit has instructed plaintiffs to pursue zoning complaints in state court rather than federal court, noting recently:

> [The plaintiff] may not have received the process Illinois directs its municipalities to provide, but the Constitution does not require state and local governments to adhere to their procedural promises. Failure to implement state law violates that state law, not the Constitution; the remedy lies in state court.

*River Park, Inc. v. City of Highland Park,* 23 F.3d 164, 166–67 (7th Cir.1994) (citations omitted). Similarly, Judge Posner has observed: "Something more is necessary than dissatisfaction with the rejection of a site plan to turn a zoning case into a federal case; and it should go without saying that the something more cannot be merely a violation of state (or local) law." *Coniston Corp. v. Village of Hoffman Estates,* 844 F.2d 461, 467 (7th Cir.1988). *See also Hartland Sportsman's Club, Inc. v. Town of Delafield,* 35 F.3d 1198, 1202 (7th Cir.1994) ("The Town's zoning action in violation of state law, however, does not in itself rise to the level of a violation of substantive due process").

Indeed, the Seventh Circuit has held that zoning decisions do not violate the due process clause of the Constitution as long as the plaintiff had the opportunity to seek review of the decision in state court. The *River Park* case, like the case before this court, involved a constitutional due process challenge to a local zoning ordinance that was passed by means of procedural irregularities which, for the purposes of the defendant's motion to dismiss, the court considered to be a violation of state law. 23 F.3d at 165. Yet the *River Park* court affirmed the dismissal of the plaintiffs' due process claim, holding that a municipality's zoning decision does not violate the due process clause as long as there was an opportunity to seek review of the decision in state court. The Eastern District of Wisconsin has ruled that such opportunity in zoning cases is available through a petition for a common law writ of certiorari. *Birck v. County of Walworth,* 856 F.Supp. 509, 512 (E.D.Wis.1994) (citing *Snyder v. Waukesha County Zoning Bd. of Adjustment,* 74 Wis.2d 468, 247 N.W.2d 98 (1976)). In another Seventh Circuit case,

*Hartland Sportsman's Club,* the town established restrictions on the plaintiff's shooting range facility in violation of state law, yet the court found no due process violation because the plaintiff failed to pursue state remedies or show that such remedies were inadequate. 35 F.3d at 1203.

### B. Equal Protection

Plaintiffs also allege a violation of their right to equal protection, but this claim fails too. Plaintiffs assert that they suffered a denial of equal protection because Racine County handled the rezoning ordinance differently than they have handled other zoning matters. But this is not the proper equal protection inquiry. To assert an equal protection claim, a plaintiff must allege intentional discrimination based on membership in a particular group. *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir.1995); *New Burnham Prairie Homes, Inc. v. Village of Burnham,* 910 F.2d 1474, 1481 (7th Cir.1990). The plaintiffs in this action have failed to allege intentional discrimination based on membership in a particular class, and, therefore, have failed to establish a prima facie equal protection violation.

### C. Pendent State Claim

Plaintiffs have pleaded a pendent state claim for violation of Wis.Stat. § 59.97 and Racine County Ordinance § 2–81. Subject matter jurisdiction over this claim is dependent upon the discretion of the court in exercising its power of pendent jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Because plaintiffs' federal claims have been dismissed, the court shall decline to exercise its pendent jurisdiction over any remaining state law causes of action.

### III. Conclusion

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss is GRANTED.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment is GRANTED.

**IT IS FURTHER ORDERED** that plaintiffs' federal claims are DISMISSED WITH PREJUDICE and their state claim is DISMISSED WITHOUT PREJUDICE.